DANIEL BURK and YVONNE T. PETERSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 187-76.
United States Tax Court
T.C. Memo 1977-4; 1977 Tax Ct. Memo LEXIS 439; 36 T.C.M. (CCH) 11; T.C.M. (RIA) 770004; January 11, 1977, Filed *439 Held, there is no merit to the petitioners' contention that they were not required to file an income tax return because Federal Reserve Notes are not "dollars"; nor in their contention that their constitutional privileges relieve them of the responsibility of proving their right to income tax deductions. Held,further, under the circumstances, the Commissioner's motion for a summary adjudication will be granted. Daniel Burk Petersen, pro se. Walter T. Thompson, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This matter comes before the Court on the *440 Commissioner's oral motion after the trial of this case for a summary adjudication on the legal contentions of the petitioners and to decide the case without any further proceedings. This issues for decision are: Whether Federal Reserve Notes are "dollars" for purposes of section 6012, Internal Revenue Code of 1954 (relating to the requirement for filing an income tax return), and whether the petitioners are entitled to determine how much of their income is taxable without proving their right to deductions because of their claim that to supply such proof would violate their constitutional privileges. On the petitioners' 1974 Federal income tax return, they reported the receipt of 10,308 Federal Reserve Notes. Such amount was also stated to equal 2,062 constitutional dollars of silver and/or gold. The tax due was not computed; instead, they sought a refund of 203.59 Federal Reserve Notes, the amount of tax they reported as having been withheld. On the return, the petitioners specifically stated their objection to answering any questions relating to the computation of their taxes on the grounds of the 1st, 4th, 7th through 10th, 13th, 14th, and 16th amendments *441 to the Constitution. In his notice of deficiency, the Commissioner computed the amount of tax owed by the petitioners and determined a deficiency of $812.24 in their Federal income taxes. The parties agree that in computing such tax, the Commissioner allowed the petitioners deductions for the personal exemptions which they claimed and the standard deduction under section 141 of the Internal Revenue Code of 1954. A timely petition was filed by the petitioners, and at that time, they resided in Arizona. In due course, the case was set down for trial pursuant to notice, and Mr. Petersen took the stand as the only witness on behalf of the petitioners. Although Mr. Petersen was given the opportunity to furnish any evidence that he desired, he declined to do so for two reasons: First, he argued that the petitioners' income was in the form of Federal Reserve Notes and not constitutional dollars, and that the amount of Federal Reserve Notes they received, when converted by some unspecified formula into "constitutional dollars," was less than the amount of income which would require them to file a joint Federal income tax return. Consequently, they filed a document *442 purporting to revoke their 1974 Federal income tax return. In addition, the petitioners contended that they did not have to set forth the deductions to which they were entitled and furnish any information regarding them because to do so would violate various constitutional guarantees, including the fifth amendment. At the conclusion of the trial, the Commissioner orally moved for a summary adjudication of the legal contentions made by the petitioners and, in addition, for a dismissal of the case under Rule 149, Tax Court Rules of Practice and Procedure, on the ground that the petitioners had failed to adduce any evidence in support of an issue for which they had the burden of proof. For the reasons stated below, we decided to grant the Commissioner's motion. There is absolutely no merit to the petitioners' claim that Federal Reserve Notes are not dollars for purposes of section 6012.E.g. United States v. Gardiner,531 F. 2d 953 (9th Cir. 1976); United States v. Daly,481 F. 2d 28, 30 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Loren R. Gajewski, 67 T.C. (Nov. 10, 1976); Edward A. Cupp,65 T.C. 68, 81 (1975), *443 on appeal (3d Cir. July 26, 1976). During the year in issue, such provision, in general, required a married couple to file an income tax return if they received gross income of $2,800 or more. Thus, the petitioners, who received $10,308, must report such amount and pay the tax due thereon. Nor is there any merit to their claim that their constitutional rights will be violated if they must specify the deductions to which they claim to be entitled and produce evidence to support them. Although the petitioners claim they are afraid to produce any information, they do not contend that they are under investigation for any criminal wrong-doing with respect to their taxes for 1974, and there is no evidence of record which would warrant such a conclusion. The fifth amendment privilege is unavailable in a civil proceeding where the danger of any criminal investigation is remote. See Rogers v. United States,340 U.S. 367, 374 (1951); Brown v. Walker,161 U.S. 591, 599-600 (1896); Boren v. Tucker,239 F. 2d 767, 772 (9th Cir. 1956); E. Jan Roberts,62 T.C. 834, 838 (1974). Nor does any other constitutional provision cited *444 by the petitioners relieve them of their burden of proof. See Porth v. Brodrick,214 F. 2d 925 (10th Cir. 1954); Raymond M. Hartman,65 T.C. 542, 547 (1975); Edward A. Cupp,supra at 81-84; E. Jan Roberts,supra at 838-839. In light of the fact that the petitioners have no legal excuse for their failure to adduce evidence to support alleged deductions, we will grant the Commissioner's motion to decide the case without any further proceedings. This Court was established to provide taxpayers with an opportunity to secure a judicial review of their tax liability before payment thereof, and the Court has consistently and zealously guarded a taxpayer's right to his day in court, whenever there was a bona fide dispute between him and the Commissioner of Internal Revenue. See, e.g., Samuel J. King,51 T.C. 851, 854-855 (1969). It is important, not only to the individual, but also to the public's confidence in the tax collection system that the opportunity for judicial review of bona fide disputes be protected. However, in this case, the petitioners asked the Court to pass on legal contentions *445 which have been repeatedly and thoroughly considered and rejected by the courts. They presented no legal issue with respect to which there is any serious controversy, and they presented no evidence for the Court to consider and weigh. Under these circumstances, a summary disposition of the petitioners' baseless claims will assist us in providing prompt trials for taxpayers who do have bona fide disputes with the Commissioner and thereby facilitate carrying out our judicial responsibilities. An appropriate order and decision will be entered.