CHARLES V. CAMERON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cameron v. Commissioner
Docket No. 6790-77.
United States Tax Court
T.C. Memo 1978-272; 1978 Tax Ct. Memo LEXIS 239; 37 T.C.M. (CCH) 1170; T.C.M. (RIA) 78272; July 24, 1978, Filed *239 Petitioner refused to offer any evidence with respect to his taxable income and the allegations of violations of his constitutional rights in his petition. Petitioner failed to carry his burden of proof under Rule 142(a), Rules of Practice and Procedure, United States Tax Court, and decision will be entered for respondent in the amounts of the deficiencies determned in the notice of deficiency. Charles V. Cameron, pro se. James Turton, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioner's income tax for 1973 in the amount of $ 7,194.45 and an addition to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $ 359.72. FINDINGS OF FACT Charles V. Cameron and Margie C. Cameron *241 filed a timely joint Federal income tax return for the calendar year 1973 with the Internal Revenue Service. The address given on their return was 3155 Rotan Lane, Dallas, Tex. On this original return they reported gross receipts from Chuck Cameron Ins. Agency in the amount of $ 33,675.09 and business deductions totaling $ 24,162.25, including a deduction of $ 21,604.50 for "Ins. Premiums Paid for Clients," and a net profit from the business of $ 9,512.84. They also reported net income from a business activity designated "Registered Nurse" in the amount of $ 5,775.23 and "Commission" income in the amount of $ 2,440.59. The total tax shown to be due was $ 2,857.02, including self-employment tax, with $ 200 reported as having been paid on estimated tax. The balance of tax due, $ 2,657.02, was apparently paid when the return was filed. In the notice of deficiency addressed to Charles V. Cameron and Margie C. Cameron, and dated March 31, 1977. respondent disallowed the calimed deduction of $ 21,604.50 for "insurance premiums paid for clients" pursuant to section 162(c)(2), and made other minor adjustments required as a result of the increase in taxable income. Charles V. Cameron *242 alone filed a timely petition in this Court; Margie C. Cameron did not join in the petition nor did she file a separate petition. Charles V. Cameron is hereinafter referred to as petitioner or Cameron. In his petition Cameron declined to submit a copy of the notice of deficiency because to do so "would be submitting respondent's evidence for him and, in so doing, petitioner would be entering into a conspiracy to deprive himself of his rights." Petitioner further alleged that to attach the notice of deficiency would be waiving his constitutional rights guaranteed by the United States Constitution in Article IV, section 2, and Amendments V, IX, X, and XIV, and his civil rights as guaranteed by Title 18 U.S.C., sections 241 and 242. In the statement of facts petitioner alleged that he had filed a true and correct tax return for 1973, to the best of his knowledge and belief, that he had signed it under penalties of perjury, and that the disallowance of his legitimate deductions placed his integrity in question. The petition further alleged that forcing him to be a petitioner in this Court was a violation of his rights to due process of law, that while supposedly *243 proceeding on a civil basis, respondent's intentions are to proceed against him on a criminal basis, and that in view of the foregoing and the fact that petitioner could no longer support the immoral and unconstitutional expenditures funded by the personal income tax, he was forced to amend his 1973 income tax return. Attached to the petition was an amended income tax return for Charles V. and Margie C. Cameron upon which no figures were inserted for income, deductions, or taxes. The tax return form was reproduced from pages 1 and 2 of a United States Treasury Department Form 1040 (1976), on the margins of which were printed statements reflecting various protests, objections, reservations, and confusion. This return form was signed by Charles V. Cameron alone. Attached as part of the return form were an additional 32 pages of printed material including a letter from Cameron addressed to the Regional Director, Internal Revenue Service, Dallas, several affidavits from petitioner and various other individuals, and reproductions of various newspaper articles and letters generally critical of the tax system of the United States. The prayer of the petition was that petitioner's amended *244 return be accepted as filed and that respondent be required to answer petitioner's petition for redress of grievances. Respondent filed an answer admitting some of the allegations of the petition but generally denying the majority of them. Petitioner filed a response protesting respondent's denials, restating the allegations of his petition, and praying that the notice of deficiency, being unverified and based on hearsay, be inadmissible as evidence in this case. This case was duly scheduled for tral on the Dallas calendar of this Court starting on June 5, 1978, and was one of six so-called tax protestor cases called from the calendar either for trial or to hear motions to dismiss. When this case was called for trial, petitioner appeared pro se. When asked if he was ready for trial petitioner filed a document entitled "Notice of Particular Averment Pursuant to Rule 60(b)(2)(4) Newly Discovered Evidence, Void Order, Total Disclaimer of Unlawful Equity Jurisdiction." The document was a reproduction of a document apparently designed for multiple use with petitioner's name typed into blanks and the amount of the deficiency filled in blank spaces with pen and ink. The main gist *245 of the document appears to be that petitioner disclaims "the unlawful equity jurisdiction of this Court sitting in executive chancery" over his person or the subject matter and demanding that a "court of law, neutral judge at law, and a 12 person jury" decide his case. Petitioner stated that he would stand on this document and would not present anything further. The Court suggested a conference in chambers to explain to petitioner the nature of the proceedings and the consequences of his failure to produce any evidence relative to the adjustments to income made by respondent. Petitioner chose not to attend the proposed conference. The case was again called for trial and petitioner failed to offer any evidence relative to his tax liability. Respondent thereupon moved to dismiss the case for failure on the part of petitioner to properly prosecute his case. Respondent offered, and the Court received in evidence, a copy of the notice of deficiency and a certified copy of the original income tax return for the year 1973 filed by Charles V. and Margie C. Cameron. The case was submitted without any evidence from petitioner, and the parties were given the opportunity to file briefs. *246 Petitioner did not file a brief. OPINION Except as otherwise provided by law or determined by the Court, neither of which is applicable here, the petitioner has the burden of proving error in respondent's determination of his taxable income, Rule 142(a), Rules of Practice and Procedure, United States Tax Court, and also with respect to respondent's imposition of the addition to tax for negligence under section 6653(a). Marcello v. Commissioner,380 F.2d 499 (5th Cir. 1967); Harbin v. Commissioner,40 T.C. 373 (1963). The Fifth Amendment of the United States Constituion does not relieve a taxpayer of his normal burden of proof in this Court. See Wade v. Commissioner,T.C.Memo. 1975-236. Since petitioner offered no evidence with respect to either his taxable income or negligence, respondent's determinations as reflected in the notice of deficiency must be approved for failure on the part of petitioner to carry his burden of proof, and a decision will be entered for the respondent. [2]
*247 Nor did petitioner offer any evidence to support the allegations in his petition. In any event, however, this Court has held on numerous occasions that there is no merit to any of the allegations in the petition relative to petitioner's constitutional rights. The United States Tax Court (formerly the Tax Court of the United States, and before that, the Board of Tax Appeals) was established by Congress as a Court of record under Article I of the United States Constitution. Sec. 951, Tax Reform Act of 1969, contained in sec. 7441, I.R.C. 1954, as amended. It is a Court of law, not equity, and has constitutional authority to hear and determine tax cases. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); Nash Miami Motors, Inc. v. Commissioner,358 F. 2d 636 (5th Cir. 1966); Hays Corporation v. Commissioner,40 T.C. 436 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Its judges are appointed by the President of the United States, with the advice and consent of the Senate, solely on the grounds of fitness to perform the duties of the office, sec. 7443, and presumably are neutral as are other Federal judges. *248 A taxpayer is not entitled to a jury trial in the Tax Court, Wickwire v. Reinecke,275 U.S. 101, 105 (1927); Dorl v. Commissioner,57 T.C. 720 (1972), and once a taxpayer has elected to seek redress with regard to his tax deficiency by filing a petition in the Tax Court he cannot at a later time claim prejudice through deprivation of right to a jury trial. United States v. Gunc,435 F. 2d 465 (8th Cir. 1970); Olshausen v. Commissioner,273 F. 2d 23 (9th Cir. 1959). Petitioner has failed to articulate the alleged violations of his rights under Article IV, section 2, of the Constitution (Privileges and Immunities Clause) and Amendments V (due process and testifying against self in a criminal case), IX and X (which, per se, are irrelevant), and XIV (State due process and equal protection of laws), and under Title 18, sections 241 (conspiracy against civil rights) and 242 (deprivation of rights under color of law), and we have no way of knowing just how those rights were allegedly violated. Furthermore, similar vague references to various constitutional violations have been dealt with and rejected by this Court. See *249 Hatfield v. Commissioner,68 T.C. 895 (1977); Ramsden v. Commissioner,T.C. Memo. 1978-158. And petitioner's alleged confusion with respect to the meaning of "dollars" and "Federal Reserve Notes" have likewise been discussed by this Court adversely to any contentions of petitioner many times. See Hatfield v. Commissioner,supra;Burk v. Commissioner,T.C. Memo. 1977-4. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise specified.↩
2. Subsequent to the hearing respondent filed a written motion to dismiss for failure properly to prosecute. Since disposition of this case in the manner indicated will produce the same decision as granting respondent's motion to dismiss, no action will be taken with respect to the motion to dismiss.↩