## COMMISSIONER OF INTERNAL REVENUE v. HUNTZINGER.
## SAME v. THATCHER.
### Nos. 2646, 2647.

Circuit Court of Appeals, Tenth Circuit.

July 17, 1943.

Warren F. Wattles, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and F. E. Youngman, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Egbert Robertson, of Chicago, Ill., and Richard F. Barrett, of New York City, for respondents.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The question presented in these cases is whether loss sustained by the respondent taxpayers in the exchange of the stock of American-LaFrance and Foamite Corporation[1] for stock and warrants in American-LaFrance and Foamite Corporation, Inc.,[2] should be recognized for tax purposes under Section 112 of the Revenue Act of 1936[3] and allowed as a deduction from gross income under Section 23(e) of the Act, 26 U.S.C.A.Int.Rev.Acts, page 828.

The old corporation had outstanding both common and preferred stock, but under the question presented it is not nec-

---

[1] Herein referred to as the old corporation.

[2] Herein referred to as the new corporation.

[3] Sec. 112, Revenue Act of 1936, as amended by Revenue Act of 1939:

"Definition of reorganization. As used in this section and section 113—

"(1) The term 'reorganization' means (A) a statutory merger or consolidation, or (B) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of substantially all the properties of another corporation, but in determining whether the exchange is solely for voting stock the assumption by the acquiring corporation of a liability of the other, or the fact that property acquired is subject to a liability, shall be disregarded; or the acquisition by one corporation in exchange solely for all or a part of its voting stock of at least 80 per centum of the voting stock and at least 80 per centum of the total number of shares of all other classes of stock of another corporation, or

(C) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, or (D) a recapitalization, or (E) a mere change in identity, form, or place of organization, however effected. * * *

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of a reorganization resulting from the acquisition by one corporation of stock or properties of another.

"(h) Definition of control. As used in this section the term 'control' means the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation." 26 U.S.C.A. Int.Rev.Acts, page 859.

essary to make note of these separate classifications and reference will be only to the stockholders of the corporation. In addition to its stock, it also had outstanding bonds or notes. Some of these notes were owned by stockholders, but the greater portion was in the hands of persons who were not stockholders.

The facts are not in dispute and are substantially these: The old corporation became financially involved and instituted a reorganization proceeding under the bankruptcy law. The new corporation was formed. It had only one class of stock, common stock, of the par value of $10 per share. All of the assets of the old corporation were transferred to the new corporation and the stockholders of the old received stock in the new in exchange for their stock. The noteholders also received stock in the new corporation in exchange for interest due on the notes of the old corporation. Respondents were both stockholders and noteholders in the old corporation and exchanged their stock and interest on their notes in that corporation for stock in the new. They admittedly suffered a loss in the exchange.

Less than eighty per cent of the stock in the new corporation was issued to the stockholders of the old solely in exchange for their old stock. But if there is added to the stock they received for their old stock the stock they received for the interest on their notes, then more than eighty per cent of the stock in the new corporation was in the hands of the stockholders of the old corporation.

If respondents made the exchange of their stock as a part of the reorganization within the meaning of Section 112(g) of the Act, they are not entitled to deduct the losses sustained in rendering their income tax return. Whether the transaction constituted such a reorganization must be determined from Section 112(g) (1)(C) of the Act. Under it, the proceedings constitute a reorganization if, after the transfer of the assets of the old corporation, the stockholders were in control of the new corporation. Subsection (h) defines "control" as the possession of at least eighty per cent of the total combined voting power of all classes of stock entitled to vote, and at least eighty per cent of the total number of shares of all other classes of stock.

The stockholders of the old corporation admittedly owned more than eighty per cent of the common stock of the new corporation, which was the only stock it had, and thus owned more than eighty per cent of the voting power. But respondents contend, and the Board of Tax Appeals found, that in determining whether the old stockholders owned the required amount of voting stock to constitute control, there should be taken into account only the stock they received in exchange for their stock. It excluded the stock they received in exchange for the interest due them on the notes. With this we cannot agree.

The language of Subsection (h) is clear and free from ambiguity. It states in language too clear for doubt that if, after the transfer of the assets of the old corporation to the new, the old stockholders own at least eighty per cent of the voting stock and eighty per cent of all stock, they are in control as defined by Clause (C). Under Section 112(b) (3), no gain or loss is recognized if stock or securities are exchanged solely for stock or securities in the new corporation. All the stockholders of the defunct corporation exchanged for their stock in the new company was their interest in the old corporation.

The facts of this case clearly distinguish it from Helvering v. Southwest Corporation, 315 U.S. 194, 62 S.Ct. 546, 86 L.Ed. 789, upon which the Board of Tax Appeals based its decision. It was there held that the transaction was not a reorganization under Clause (B) because other consideration than the voting stock of the new corporation was given in exchange for the assets of the old company and that it was not a reorganization under Clause (C) because control was not in the old stockholders. In that case a majority of the stock in the new company was issued to participating creditors who apparently did not have the right to vote in the old corporation. All the court held was that in determining control under Clause (C) the stock issued to the creditors cannot be added to that issued to stockholders to reach the requisite amount of stock.

Congress did not say that in determining the question of control by the old stockholders you must separate stock they received for securities from that which they received for their stock, and in the absence of such an expression from Congress, we may not make such an addition to the law. All that Congress said was that to con-

stitute control the old stockholders must own eighty per cent of the voting stock and eighty per cent of all outstanding stock in the corporation, and this they do in this case.

The decision of the Board of Tax Appeals is reversed, and the cause remanded with instructions to redetermine the tax in accordance with this opinion.

MURRAH, Circuit Judge, concurs in the result.