THE HAYS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 87979. Filed May 28, 1963

*James F. Thornburg* and *Edward J. Gray*, for the petitioner.
*George H. Becker*, for the respondent.

#### OPINION

FORRESTER, *Judge:* Respondent has determined a deficiency in income tax of petitioner for the taxable year 1957 in the amount of $12,185.68. Petitioner has agreed to certain adjustments, and the issue remaining is whether petitioner's basis in certain stock was its cost to petitioner or its basis in the hands of its former holders. Wholly dependent on the resolution of this issue is the determination of the amount of a net operating loss carryover to the year before us.

Most of the facts have been stipulated and are so found.

Petitioner is an Indiana corporation with principal offices located at Michigan City, Ind. It is engaged in the manufacture of precision instruments. It filed its Federal income tax returns for the calendar years 1956 and 1957 with the district director of internal revenue at Indianapolis, Ind.

In the early part of 1955, petitioner began negotiations with George E. Foster, Lucille A. Foster, Edgar M. Corson, Jr., and Effie G. Arm-

strong, the then owners of all of the issued and outstanding common stock of Metrotype Corp., hereinafter referred to as Metrotype, an Illinois corporation with principal offices located in Chicago, Ill.

Metrotype was engaged in the manufacture of data recordation metering devices, a business complementary to and allied with the business conducted by petitioner.

These negotiations culminated in an agreement dated May 14, 1955, which provided in part:

### CONTRACT FOR EXCHANGE OF CORPORATE STOCK

THIS AGREEMENT is made and entered into in multiple counterparts, each of which shall be deemed an original, at Michigan City, Indiana, on the 14th day of May, 1955, by and between THE HAYS CORPORATION, an Indiana corporation with principal offices at Michigan City, Indiana, hereinafter referred to as "HAYS", and GEORGE E. FOSTER, LUCILLE A. FOSTER, EDGAR M. CORSON, JR. and EFFIE G. ARMSTRONG, all of Chicago, Illinois, hereinafter referred to as "Stockholders",

### WITNESSETH:

In that, at the effective date of this contract, all of the Stockholders presently are owners of one or more shares of common capital stock issued by Hays, and also are owners of all of the issued and outstanding capital stock of Metrotype Corporation and are desirous of exchanging shares of the common capital stock of Metrotype Corporation, an Illinois corporation with principal offices at Chicago, Illinois (and hereinafter referred to as "Metrotype") now owned by them for additional shares of common capital stock of The Hays Corporation upon the basis hereinafter set forth; and

In that Hays presently has treasury stock, together with authorized but unissued common capital stock, sufficient to provide the requisite shares of common stock to be issued by The Hays Corporation upon the basis of exchange hereinafter set forth; and

In that Metrotype is engaged in a business complementary to and allied with the business conducted by Hays, and it is considered by all parties hereto that the acquisition of all Metrotype stock by Hays will result in economies and enhanced business potential for both corporations; and

In that the parties have determined by negotiation and investigation that the value of Hays common stock is in the sum of Eight Dollars ($8.00) per share and that the value of each share of Metrotype common stock is in the sum of Twenty and 26/100 Dollars ($20.26) and, therefore, that Five thousand eight hundred (5,800) shares of common capital stock of The Hays Corporation should be exchanged for the Two thousand two hundred ninety (2,290) shares of common stock issued by Metrotype, being a ratio of 2.53¼ shares of The Hays Corporation stock for each one share of Metrotype Corporation common stock; and in that a plan of statutory reorganization within the meaning of the Internal Revenue Code of 1954 has been promulgated and adopted by Hays and is agreeable to Stockholders whereby such exchange should be accomplished under and pursuant to Sections 354(a)(1) and 368(a)(1)(B) of the Internal Revenue Code of 1954;

    *        *        *        *        *        *        *

SECTION C: HAYS AGREES:

1. Upon the closing date, to issue and deliver to Stockholders the number of shares of Hays common capital stock hereinafter immediately set opposite the name of each Stockholder:

George E. Foster_____ 3,351 shares
Lucille A. Foster_____ 557 shares
Edgar M. Corson, Jr._____ 1,740 shares
Effie G. Armstrong_____ 152 shares

in exchange for the shares of common capital stock of Metrotype to be delivered to Hays in accord with the undertaking of Stockholders made at Paragraph 1 of Section D hereof. All documentary stamps requisite to the transfer of Hays shares shall be procured and properly affixed at the expense of Hays.

\* \* \* \* \* \* \*

SECTION D: STOCKHOLDERS AGREE:

1. Upon the closing date, to issue and deliver to Hays all issued and outstanding shares of Metrotype, being two thousand two hundred ninety (2,290) shares in total, duly endorsed with bank guaranteed signature in form sufficient to invest Hays with title thereto in exchange for common capital stock of Hays delivered to Stockholders in accord with the undertaking of Hays set forth at Paragraph 1 of Section C. All documentary stamp taxes in connection with the issuance or delivery of stock under this Paragraph 1 shall be at the expense of Stockholders.

\* \* \* \* \* \* \*

3. Upon or at any time after the closing date, Stockholders, at the written request of Hays, shall tender the written resignations to Hays of all of the present officers and directors of Metrotype. The effective date of such resignations shall be as requested by Hays.

\* \* \* \* \* \* \*

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals as of the date and at the place hereinabove first mentioned.

THE HAYS CORPORATION
By /s/ PHIL SPRAGUE Jr.
Its Executive Vice President

Attest:
/s/ OTTO ZIEGLER
Its Secretary-Treas.
/s/ EDGAR M. CORSON, Jr. (SEAL)    /s/ GEORGE E. FOSTER (SEAL)
/s/ EFFIE G. ARMSTRONG (SEAL)    /s/ LUCILLE A. FOSTER (SEAL)

Pursuant to this agreement petitioner transferred 5,800 shares of its previously authorized, but unissued, shares of voting common stock to the stockholders of Metrotype and in turn the stockholders of Metrotype transferred 2,290 shares of stock in Metrotype to petitioner. The aforementioned 2,290 shares of Metrotype stock was all of the issued and outstanding stock of Metrotype.

The petitioner and the stockholders of Metrotype were unrelated independent parties dealing at arm's length.

On May 14, 1955, George E. Foster, Edgar M. Corson, Jr., and Lucille A. Foster were president, vice president, and secretary-treasurer, respectively, of Metrotype.

On or about December 26, 1956, Metrotype was formally dissolved and liquidated under the laws of the State of Illinois. At the time of the dissolution and liquidation, the Metrotype stock was worthless.

On its income tax return for the year 1956, petitioner deducted $294,788.23 as "Losses on investment in and liquidation of subsidiary." This sum consisted of certain amounts claimed as bad debt losses, plus $46,400 claimed to be petitioner's loss on the worthless Metrotype stock. Petitioner's total deductions exceeded its total income returned for the year 1956, and thus no income tax was reported as due for that year.

On its income tax return for the year 1957, petitioner deducted $26,852.33 as a net operating loss carried over from 1956. This amount represented the excess of the net operating loss shown on petitioner's 1956 return over the amounts thereof carried back to the 1954 and 1955 taxable years.

Respondent determined that the amount of net operating loss petitioner was entitled to deduct in 1957 as a carryover from 1956 was only $990.58. This determination was based in large part upon a determination that petitioner's adjusted basis in the Metrotype stock was $22,966, rather than the $46,400 claimed by petitioner on its 1956 return in connection with the deduction taken in that year in respect of losses upon the liquidation of Metrotype. The propriety of the latter determination is the only question put in issue herein by petitioner.

Respondent contends that the basis of the Metrotype stock in the hands of that company's four former shareholders was $22,966;[1] that the exchange made by petitioner for the Metrotype stock, pursuant to the agreement of May 14, 1955, was a reorganization within the meaning of section 368(a)(1)(B)[2] of the Internal Revenue Code of 1954;[3] that the reorganization was nontaxable under section 354(a)(1);[4] and that petitioner's basis in the Metrotype stock was

---

[1] This has not been disputed by petitioner.

[2] SEC. 368. DEFINITIONS RELATING TO CORPORATE REORGANIZATIONS.

(a) REORGANIZATION.—
(1) IN GENERAL.—For purposes of parts I and II and this part, the term "reorganization" means—

\* \* \* \* \* \* \*

(B) the acquisition by one corporation, in exchange solely for all or a part of its voting stock, of stock of another corporation if, immediately after the acquisition, the acquiring corporation has control of such other corporation (whether or not such acquiring corporation had control immediately before the acquisition) ;

[3] Unless otherwise noted, all statutory references are to the Internal Revenue Code of 1954.

[4] SEC. 354. EXCHANGES OF STOCK AND SECURITIES IN CERTAIN REORGANIZATIONS.

(a) GENERAL RULE.—
(1) IN GENERAL.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

consequently $22,966, its basis in the hands of its transferors, by virtue of section 362(b).[5]

Petitioner contends that its basis in the Metrotype stock was not limited by section 362(b), but was, rather, the fair market value of the stock issued by petitioner in exchange therefor. Petitioner argues that the exchange did not come within the provisions of section 354 (a) (1) and hence was taxable.[6]

Petitioner's argument hinges on its contention that Metrotype corporation was not "a party to the reorganization" as that term is used in section 354(a)(1), and that the exchange therefore did not meet the requirements of that section for nonrecognition of gain or loss.[7] It contends that to be a party to a reorganization one must be a "participant in" the transactions constituting the reorganization, and that Metrotype was not such a party. It extends this argument further to say that in order for nonrecognition to apply to a "(B)" reorganization, the stock received by the acquiring corporation must be acquired *from* the acquired *corporation*.

Petitioner relies heavily on *Mahlon D. Thatcher*, 46 B.T.A. 869 (1942), reversed on other grounds, 137 F. 2d 128 (C.A. 10, 1943), acq. 1942–2 C.B. 18. But the *Thatcher* case on its facts is certainly not this case. There the import of the opinion was that there was no plan of reorganization. Here there plainly was.

Respondent contends that as a matter of law Metrotype was "a party to the reorganization" by virtue of section 368(b)(2). We agree with respondent.

Section 368(b) provides as follows:

(b) PARTY TO A REORGANIZATION.—For purposes of this part, the term "a party to a reorganization" includes—

---

[5] SEC. 362. BASIS TO CORPORATIONS.

(b) TRANSFERS TO CORPORATIONS.—If property was acquired by a corporation in connection with a reorganization to which this part applies, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain recognized to the transferor on such transfer. This subsection shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.

[6] Petitioner is not sure whether, if the exchange did not come within sec. 354(a)(1), its basis in Metrotype should be determined with reference to its cost (the fair market value of the stock in petitioner exchanged therefor) or with reference to the basis of the former Metrotype shareholders plus the gain that would be recognized by them on the exchange (pursuant to the last clause of the first sentence of sec. 362(b)). This confusion is due to uncertainty as to whether a reorganization exchange of stock for stock *not* coming within the terms of sec. 354(a)(1) is a reorganization to which the reorganization provisions otherwise apply, within the meaning of sec. 362(b). Even if we were not to adopt respondent's position herein, which we do, we would not have occasion in this case to resolve this question, for the basis arrived at under either method of computation would be identical and would turn on a determination of the fair market value of the stock in petitioner exchanged for the Metrotype stock. Because of our determination herein, however, we need not make a finding as to that fair market value.

[7] Petitioner does not deny that, if Metrotype was "a party to a reorganization," that reorganization was a nontaxable "(B)" reorganization and resulted in petitioner's basis in the Metrotype stock being the aggregate of the bases of the four former shareholders of Metrotype, by virtue of sec. 362(b).

(1) a corporation resulting from a reorganization, and

(2) both corporations, in the case of a reorganization resulting from the acquisition by one corporation of stock or properties of another. * * *

The term "party to a reorganization" was neither used nor defined statutorily prior to the Revenue Act of 1924. That statute[8] added a new section 203 (h) (2) which read as follows:

Sec. 203 (h) As used in this section and sections 201 and 204—

*　　*　　*　　*　　*　　*　　*

(2) The term "a party to a reorganization" includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.

The congressional committees' explanation for this section said (H. Rept. No. 179, to accompany H.R. 6715 (Pub. L. 176), 68th Cong., 1st Sess., p. 53 (1924); S. Rept. No. 398, to accompany H.R. 6715 (Pub. L. 176), 68th Cong., 1st Sess., p. 17 (1924)):

(2) There is no provision of the existing law which corresponds to subdivision (h)(2) of the bill. This definition is inserted to remove any doubt as to whether a corporation, all of the stock of which is acquired in connection with the reorganization, is a party to the reorganization.

We conclude that the congressional intent (now in sec. 368(b)(2)) requires that Metrotype be deemed a party to the reorganization.[9]

The regulations promulgated pursuant to this statutory provision have always treated the acquired corporation as a party to the reorganization when the acquiring corporation gets a controlling stock interest in such acquired corporation from a third corporation which happens to own such stock. See sec. 29.112(g)-2, Regs. 111, sec. 39.112(g)-2(f), Regs. 118, and sec. 1.368-2(f), Income Tax Regs. The current regulation provides, in part, as follows:

Sec. 1.368-2 Definition of terms.

(f) The term "a party to a reorganization" includes a corporation resulting from a reorganization, and both corporations, in a transaction qualifying as a reorganization where one corporation acquires stock or properties of another corporation. * * * Both Corporation O and Corporation P, but not Corporation S, are parties to the reorganization if Corporation O acquires stock of Corporation P from Corporation S in exchange solely for a part of the voting stock of Corporation O, if (1) the stock of Corporation P does not constitute substantially all of the assets of Corporation S, (2) Corporation S is not in control of Corporation O immediately after the acquisition, and (3) Corporation O is in control of Corporation P immediately after the acquisition.

---

[8] 43 Stat. 253.

[9] It is noted that a new corporation resulting from a reorganization is a party thereto. Sec. 368(b)(1). This is entirely inconsistent with petitioner's urged requirement of active participation in the plan of reorganization.

We can see no valid reason for a different result if Corporation S were an individual or a group of individuals. The regulations promulgated under the Internal Revenue Code of 1939 strongly suggest this conclusion.[10] Thus, for decades the regulations under this statute have treated the acquired corporation as a party to a reorganization whenever its stock is acquired by another corporation (if the transaction otherwise satisfies section 368(a)(1)), regardless of the identity of the transferor of such stock. It must be noted that Congress has consistently reenacted the predecessors of section 368(b)(2), fully cognizant of the regulations interpreting them, and it must be assumed that Congress has approved such interpretation. *Cammarano* v. *United States*, 358 U.S. 498, 510 (1959); *Mass. Mutual Life Ins. Co.* v. *United States*, 288 U.S. 269, 273 (1933).

In light of the legislative history and a literal reading of section 368(b)(2), we believe our holding that Metrotype was a party to the reorganization is consonant with what Congress intended. Petitioner's interpretation that for a "(B)" reorganization to occur the acquired corporation must participate in the transactions, and that the stock received by the acquiring corporation must be received *from* the acquired corporation, would render section 368(b)(2) ineffectual. The language of this section, like other sections of the Act, is "acquisition by one corporation of stock or properties *of* another." (Emphasis supplied.) Congress could easily have said *from* another if that had been the desired intent.

The congressional purpose was to remove any doubt that the acquired corporation is to be considered a party to the reorganization as a matter of Federal income tax law, and obviously there would be no such doubt in those cases petitioner argues are the only ones encompassed by the statute. We perceive no reason to suppose that Congress intended only those "(B)" reorganizations in which some stock is acquired from the acquired corporation to qualify for nonrecognition of gain or loss.

We hold, therefore, that the 1955 transaction was a reorganization on which the four former shareholders of Metrotype recognized no gain, pursuant to section 354(a)(1). Consequently, we hold further that petitioner's basis in the Metrotype stock was $22,966, that of the latter's four former shareholders, by virtue of section 362(b), as determined by respondent.

Petitioner argues that such a result would be inequitable as to it. Such an argument cannot be considered by us, however, as we do not

[10] They provide:
Sec. 39.112(g)–2 [Regs. 118] Definition of terms.
(f) * * * Only Corporations H and J are parties to the reorganization if it consists of the acquisition by Corporation H in exchange solely for all or a part of its voting stock of at least 80 percent of the voting stock and at least 80 percent of the total number of shares of all other classes of stock of Corporation J, *even though such acquisition by Corporation H is from Corporation K.* [Emphasis supplied.]

have the jurisdiction of a court of equity. *Commissioner* v. *Gooch Co.*, 320 U.S. 418 (1943); *Lorain Avenue Clinic*, 31 T.C. 141 (1958). "The Internal Revenue Code, not general equitable principles, is the mainspring of [our] jurisdiction." *Commissioner* v. *Gooch Co.*, *supra* at 422. The proper place for a consideration of petitioner's complaint is the halls of Congress, not here.

Petitioner pleads and argues further that, insofar as section 362(b) requires a transferee to accept the basis of an unrelated transferor, it is unconstitutional as a tax on capital[11] and as violative of the due process clause.[12] The mere carryover of basis is per se neither a tax nor a taking of property. It is unquestioned that Congress has the power to deny petitioner's loss deduction in toto, if it so desires. *New Colonial Co.* v. *Helvering*, 292 U.S. 435. Allowance of such deduction limited by the basis of a transferor is not unconstitutional.

Because of concessions,

*Decision will be entered under Rule 50.*

---

[11] U.S. Const., art I, secs. 2 and 9.
[12] U.S. Const., amend. V.