**Francis T. NORMAN and Marguerite M. Norman, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Francis T. NORMAN and Marguerite M. Norman**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**Nos. 17362, 17491.**

United States Court of Appeals Third Circuit.

Argued Feb. 7, 1969.

Decided Feb. 26, 1969.
Certiorari Denied June 9, 1969.
See 89 S.Ct. 2021.

———◆———

Charles J. McDonough, McDonough, Boasberg, McDonough & Beltz, Buffalo, N. Y., for petitioners in No. 17,362 and appellee in No. 17,491.

John M. Brant, Department of Justice, Tax Division, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Department of Justice, Washington, D. C., on the brief), for respondent in No. 17,362 and appellant in No. 17,491.

Before HASTIE, Chief Judge, and GANEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

From 1958 through 1962, the taxpayer, Francis T. Norman,[1] wrongfully appropriated to his own use monies owed to his employer and collected by Norman as his employer's agent. In none of the taxable years did he report as income the amounts thus misappropriated. He is here challenging deficiencies and penalties which the tax court determined and assessed on the theory that the misappropriated funds were income to him.

On the facts stated above, without more, the decision of the tax court would be correct. Indeed, it would be required by James v. United States, 1961, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246. However, the taxpayer relies upon the additional circumstances that in 1962, after his wrongdoing was discovered, he and his employer entered into a "trust agreement" designed to assure full repayment of the misappropriated sums over a period of five years and the employer released Norman from all other liability. It seems to be the taxpayer's theory that this arrangement gave the underlying misappropriations the status of loans.

In our view the 1962 agreement neither purported to nor could change the original legal character of Norman's earlier conduct from embezzlement to borrowing. Any restitution in a subsequent year might provide a proper basis for a deduction allowable in that year. Indeed, the tax court so treated the taxpayer's restitution and made an appropriate deduction in determining his 1962 tax liability. We find no error in the tax court's decision as to any year.

The Commissioner has filed a protective appeal from the 1962 tax determination to be considered only if the taxpayer's contentions as to the earlier years should be sustained.

On both appeals the tax court's decision will be affirmed.

---

1. Norman's wife, Marguerite, is a party solely because husband and wife filed joint income tax returns.