RICHARD M. MORRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morrison v. Commissioner
Docket No. 14039-80
United States Tax Court
T.C. Memo 1981-617; 1981 Tax Ct. Memo LEXIS 128; 42 T.C.M. (CCH) 1514; T.C.M. (RIA) 81617; October 22, 1981. Richard M. Morrison, pro se. Theodore Craft, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with the adopts his opinion which is set forth below. *130 OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency of $ 8,540.22 in petitioner's 1976 Federal income tax and additions to tax of $ 1,281 and $ 994.15 pursuant to sections 6651(a)(1) and 6653(a), respectively. The issues for decision are (1) Whether amounts embezzled by petitioner from his employer during 1976 are taxable income, and, if they are, whether petitioner is entitled to offset this embezzlement income with amounts repaid in subsequent years; and (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1) and 6653(a). FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. Petitioner Richard M. Morrison (hereinafter petitioner) resided in Dorchester, Massachusetts, when he filed his petition in this case. Petitioner and his wife filed a joint Federal income tax return for 1976 with the Director, Andover Service Center, Andover, Massachusetts, on July 6, 1977. During 1976 petitioner embezzled $ 20,500 from his employer, the New England Merchants National Bank (hereinafter Bank), and failed to report any of these embezzled funds on his 1976 *131 Federal income tax return. During February 1978, petitioner executed an agreement with the Bank whereby petitioner agreed to make restitution to the Bank in the amount of $ 21,000. The payments were to be made in equal monthly installments of $ 90, beginning March 1, 1978. Petitioner has made monthly payments in accordance with the agreement, and in addition repaid a portion of the embezzled funds to the Bank during 1977. No repayments were made during 1976. Respondent determined that petitioner is taxable in full on the amount embezzled without any reduction on account of repayments made in subsequent years. OPINION The primary issue is whether petitioner is taxable on the total amount of embezzled funds without regard to repayments made in subsequent years. As a preliminary matter, we note that it is well established that embezzled funds constitute taxable income in the year of the embezzlement. James v. United States, 366 U.S. 213 (1961); Nerem v. Commissioner, 41 T.C. 338 (1963); Sec. 1.61-14(a), Income Tax Regs. *132 Petitioner's argument that he should be entitled to offset embezzlement income with amounts subsequently repaid is not based on any particular section of the Internal Revenue Code, but rather is based on what petitioner calls concepts of "fairness." Apparently, petitioner beieves that it would be unfair to tax him on amounts he has repaid his employer. However, as explained to petitioner at trial, the Internal Revenue Code is the mainspring of our jurisdiction, not general equitable principles. Hays Corp. v. Commissioner, 40 T.C. 436 (1963), affd. 331 F. 2d 422 (7th Cir. 1964), cert. denied 379 U.S. 842 (1964). The only Code sections which could conceivably give relief to the petitioner in the instant case are sections 1341 and 172. Section 1341 provides rules for the computation of tax for the year of repayment where the taxpayer restores an amount included in income for a prior year because it was received and held under a claim of right. In Yerkie v. Commissioner, 67 T.C. 388 (1976), this Court held that section 1341 *133 did not apply to the restoration of embezzled funds because embezzled funds were not received under a claim of right. See also McKinney v. United States, 574 F.2d 1240 (5th Cir. 1978), cert. denied 439 U.S. 1072 (1979). We also point out that section 1341 provides rules for computation of tax for the year of repayment, not the year of embesslement, which is the only year we have before us in this case. Accordingly, petitioner is not entitled to the benefits of section 1341 for the year 1976. Section 172 provides a deduction for net operating losses which may be carried back or forward. The term "net operating loss" is defined in subsection (c) as "the excess of the deductions allowed by this chapter over the gross income. Such excess shall be computed with the modifications specified in subsection (d)." Subsection (d)(4) provides that "In the case of a taxpayer other than a corporation, the deductions allowable by this chapter which are not attributable to a taxpayer's trade or business shall be allowed only to the extent of the amount of the gross income *134 not derived from such trade or business." In Yerkie v. Commissioner, supra at 392-394, we held that while the repayment of embezzlement proceeds is deductible in the year of repayment under section 165(c)(2) as a nonbusiness loss, [3] it does not qualify as a business loss under section 165(c)(1). Hence, petitioner has not shown that he had an excess of business deductions over gross income in any year of repayment that would qualify as an operating loss carryback to the year 1976. See Mannette v. Commissioner, 69 T.C. 990 (1978). Thus petitioner has failed to show that he is entitled to a net operating loss deduction in the year at issue for repayments of the embezzled funds made in subsequent years, for which he has the burden of proof. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
*135 Respondent determined that petitioner is liable for the late filing addition to tax pursuant to section 6651(a)(1) for filing a delinquent income tax return. Since petitioner has the burden of proving respondent's determination is incorrect and since he offered no explanation concerning his late filing, respondent's determination is sustained. Welch v. Helvering, supra.
Respondent also determined that petitioner is liable for the addition to tax under section 6653(a). Section 6653(a) provides for a 5-percent addition to tax where any part of any underpayment is due to negligence or an intentional disregard of rules and regulations. Again, petitioner has the burden of proving that his underpayment was not due to negligence or an intentional disregard of rules and regulations. Welch v. Helvering, supra; Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner offered no evidence to refute respondent's determination, and accordingly, respondent is sustained on this issue. We conclude that petitioner is taxable in full on the amount *136 embezzled in 1976 without any reduction on account of repayments made in subsequent years. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Under sec. 165(c)(2) an embezzler is entitled to deduct the repayment of embezzled funds from adjusted gross income in the year repayment is made. See Norman v. Commissioner, 407 F.2d 1337 (3d Cir. 1969), cert. denied 395 U.S. 947 (1969); Rev. Rul. 65-254, 1965-2 C.B. 50↩.