T.C. Memo. 1995-594


UNITED STATES TAX COURT


STEVEN M. AND MICHELE E. GROW, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20185-94.                    Filed December 14, 1995.


Steven M. and Michele E. Grow, pro se.

<u>Amy Dyar Seals</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


POWELL, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1991 in the amount of $9,957.

---

[1]  Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners resided in Cary, North Carolina, at the time they filed their petition.

The issues are: (1) Whether petitioners are liable for income tax on a distribution from a profit sharing plan pursuant to section 402(a); and (2) whether petitioners are liable for an early withdrawal penalty, on the same distribution, pursuant to section 72(t).

FINDINGS OF FACT

In 1991, Stephen M. Grow (petitioner) worked for Dun & Bradstreet, Inc. (Dun & Bradstreet) in Tampa, Florida, where he lived with his family. During 1991, Dun & Bradstreet transferred petitioner to Raleigh, North Carolina. Petitioner purchased a house in nearby Cary, North Carolina, in October 1991. Because petitioner was unable to sell his house in Tampa, he withdrew $29,000 from his profit sharing plan at Dun & Bradstreet to make a downpayment on the house in Cary. The withdrawal constituted approximately one-half of the value of petitioner's account. No portion of the withdrawn amount was rolled over into another retirement account. Dun & Bradstreet sent petitioner a Form 1099-R reporting taxable income in the amount of $26,110, consisting of the $29,000 withdrawal reduced by a prorated portion of petitioner's investment in the contract.

On their jointly filed 1991 Federal income tax return, petitioners did not report any income as a result of the distribution. In the notice of deficiency, respondent determined

that petitioners were liable for income tax on the $26,110 shown on Form 1099-R pursuant to section 408(d),[2] and an early withdrawal penalty on the same amount pursuant to section 72(t).

OPINION

Section 402(a) applies to distributions from any employees' trust described in section 401(a) (including a profit sharing plan) that is exempt from tax under section 501(a). Section 402(a) provides that, subject to certain exceptions not relevant here, any amount distributed from such a trust shall be taxable to the distributee, in the year of distribution, under section 72 (relating to annuities). Section 72(e) provides that an amount not received as an annuity is includable in gross income, except to the extent attributable to an individual's investment in the contract.

Petitioner received a distribution from a profit sharing plan.[3] Since none of the exceptions in section 402 apply, section 72 governs the taxability of the distribution. The distribution was not received in the form of an annuity, so section 72(e) requires that the distribution, reduced by a proportionate share of petitioner's investment in the contract,

_____

[2] In the notice of deficiency, and throughout this litigation, respondent has erroneously asserted that sec. 408(d) governs the taxability of the distribution. Sec. 408(d) governs the taxability of distributions from individual retirement accounts. Distributions from profit sharing plans are covered by sec. 402(a).

[3] Because neither party disputes the issue, we assume the profit sharing plan constitutes a "qualified trust" within the meaning of sec. 401(a), which is exempt from tax under sec. 501(a).

be included in gross income. The Form 1099-R received by petitioner excluded a proportionate share of petitioner's investment in the contract. Accordingly, we hold petitioners underreported their gross income by $26,110 in 1991.

Section 72(t)(1) imposes an additional tax on any amount received from a qualified retirement plan, including a profit sharing plan, equal to 10 percent of the portion of such amount which is includible in gross income. Section 72(t)(2) exempts distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; or (6) as dividends paid with respect to corporate stock described in section 404(k).

Petitioner received a distribution from a qualified retirement plan. None of the specifically enumerated exceptions in section 72(t)(2) apply to exempt the distribution from the additional tax. Therefore, we conclude petitioners are liable for the additional tax imposed by section 72(t)(1) on the portion of the distribution includible in gross income.

Petitioner asserts that the distribution should be exempt from income tax and/or the additional tax imposed by sections 402(a) and 72. In support of this conclusion, petitioner argues

that the investment of the distribution in a house with a 30-year mortgage is akin to a retirement account, and therefore, tax free treatment of the distribution comports with the Congressional intent underlying the tax treatment of retirement plans. Cf. Harris v. Commissioner, T.C. Memo. 1994-22 (which is contrary to petitioner's argument). Petitioner further argues that the distribution was made out of necessity, due to petitioners' inability to sell their house, and as such, literal application of the Internal Revenue Code is inappropriate.

While we sympathize with petitioners, we are not at liberty to create exceptions to the Internal Revenue Code. It is a well-established principle that "exemptions from taxation are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988).

To reflect the foregoing,

Decision will be entered

for respondent.