T.C. Summary Opinion 2003-13

UNITED STATES TAX COURT

MARK F. BENEVENTI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1558-02S.                    Filed February 20,2003.

Mark F. Beneventi, pro se.

Michael K. Park, for respondent.

ARMEN, Special Trial Judge: This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect at the time that the petition was filed.[1]  The decision to

be entered is not reviewable by any other court, and this opinion

should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal

---

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 1999,
the taxable year in issue.

income tax for the taxable year 1999 in the amount of $2,655.

After a concession by petitioner,[2] the only issue for decision is whether the 10-percent additional tax pursuant to section 72(t) applies to the $25,307.65 distribution that petitioner received from his former employer's profit sharing plan. We hold that it does.

Background

Some of the facts were stipulated, and they are so found. Petitioner resided in Dallas, Texas, at the time that the petition was filed with the Court.

For some 12 years ending in 1999, petitioner worked for MIC Technology Corp. (MIC) and participated in MIC's profit sharing plan (MIC Plan). On or about November 1, 1999, petitioner left MIC for another employment opportunity and, therefore, cashed out the balance of his MIC Plan in the amount of $25,307.65. MIC sent petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting a taxable gross distribution of $25,307.65 of which $5,061.53 was withheld for Federal income tax. On December 16, 1999, petitioner used the net proceeds of

---

[2] The notice of deficiency determined a deficiency of $2,655 of which $124 represented tax on unreported interest income, which petitioner concedes. Therefore, the amount of deficiency at issue is $2,531.

$20,246.12[3] as part of a $104,529.30 payment towards the purchase of a 28-unit apartment complex, which petitioner contends is his retirement investment plan (apartment complex investment).  At the time of these events, petitioner was 37 years of age and not disabled.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 1999.  On his return, petitioner did not include the 10-percent additional tax imposed by section 72(t) on line 53, Tax on IRAs, other retirement plans, and MSAs, on the $25,307.65 distribution he received from the MIC Plan.  In the notice of deficiency, respondent determined that petitioner was liable for a "premature distributions tax from a qualified retirement plan" in the amount of $2,531.

Petitioner timely filed a petition with the Court disputing the determined deficiency.  Paragraph 4 of the petition states as follows:

> I disagree with the laws that disallow real estate
> investing as an acceptable retirement plan in which to
> roll over "pension" funds.  I believe R.E. Investment
> to be as much (or more) legitament [sic] of a
> retirement plan than IRAs, mutual fund's, etc...  I
> have the right to invest my retirement money as
> prudently as possible.

---

[3]  Net proceeds equals gross distribution less Federal income tax withheld: $20,246.12 = 25,307.65 - 5,061.53.

Discussion[4]

Generally, a distribution from a qualified employees' trust (including a profit sharing plan) is taxable to the distributee in the year of distribution under the provisions of section 72. Sec. 402(a); see sec. 401(a). Section 402(c) provides an exception to the general rule for qualified "rollovers" by the employee to "an eligible retirement plan" within 60 days of receipt.[5] Sec. 402(c)(1), (3), (5).

Section 72(t)(1) imposes an additional tax on distributions from a qualified retirement plan equal to 10-percent of the portion of such amount that is includable in gross income. For purposes of the 10-percent tax, a qualified retirement plan includes a profit sharing plan described under section 401(a). See sec. 4974(c)(1).

Section 72(t)(2) exempts the following distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of the employee being disabled; (4) as part of a

---

[4] We need not decide whether sec. 7491, concerning burden of proof, applies to the present case because the facts are not in dispute and the issue is one of law. See Higbee v. Commissioner, 116 T.C. 438 (2001).

[5] An "eligible retirement plan" is defined to include: (1) An individual retirement account described in sec. 408(a); (2) an individual retirement annuity described in sec. 408(b) (other than an endowment contract); (3) a qualified trust; and (4) an annuity plan described in sec. 403(a). Sec. 402(c)(8)(B).

series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; or (6) as dividends paid with respect to stock of a corporation described in section 404(k).

Petitioner contends that the additional tax under section 72(t) does not apply to distributions from profit sharing plans. We disagree. Petitioner received an early distribution from a qualified retirement plan, which, as stated above, includes a profit sharing plan such as the MIC Plan.[6] See Hobson v. Commissioner, T.C. Memo. 1996-272; Grow v. Commissioner, T.C. Memo. 1995-594. Furthermore, petitioner has failed to show that any of the specifically enumerated exceptions in section 72(t)(2) apply to exempt his MIC Plan distribution from the additional tax. Therefore, we conclude that petitioner is liable for the additional tax imposed by section 72(t)(1).

In the alternative, petitioner argues that he rolled over his MIC Plan distribution into the apartment complex investment, which should be considered an eligible retirement plan so as to permit tax free treatment. Petitioner's apartment complex investment, however, is not an eligible retirement plan. See

---

[6] Because neither party disputes the issue, we assume the profit sharing plan constitutes a "qualified trust" within the meaning of sec. 401(a), which is exempt from tax under sec. 501(a).

supra note 5.[7]  See Grow v. Commissioner, supra; Harris v. Commissioner, T.C. Memo. 1994-22.  Therefore, we have no basis to conclude that petitioner rolled over his MIC Plan distribution to an eligible retirement plan so as to avoid the 10-percent additional tax imposed by section 72(t).

As previously stated, petitioner "[disagrees] with the laws that disallow real estate investing as an acceptable retirement plan in which to roll over 'pension' funds."  However, petitioner should understand that absent some constitutional defect, we are constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983), and that we may not rewrite the law because we may "deem its effects susceptible of improvement", Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)).  Accordingly, petitioner's appeal for relief must, in this instance, be addressed to his elected representatives.  "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here."  Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).

In view of the foregoing, we sustain respondent's determination on the disputed issue.

---

[7]  Such an investment also does not satisfy the tax-free rollover provisions of sec. 402(c)(5) and, therefore, is not a tax-free rollover contribution.  Cf. sec. 408(d)(3).

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>