T.C. Summary Opinion 2018-16

UNITED STATES TAX COURT

ALBERT ANTHONY OLIVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25169-16S.                     Filed April 3, 2018.

Albert Anthony Oliver, pro se.

<u>Christine A. Fukushima</u>, for respondent.

SUMMARY OPINION

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]All subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2014 Federal income tax of $1,978. The issue for decision is whether respondent correctly determined that petitioner was required to report an additional $7,200 of annuity payments as gross income for 2014.

Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulated facts are found accordingly. When the petition was filed, petitioner resided in California.

Petitioner retired from the Castaic Lake Water Agency in 2007 at 55 years of age and began receiving annuity payments from the California Public Employees Retirement System (CalPERS), a qualified employer retirement plan. In anticipation of petitioner's retirement, CalPERS informed him by letter of his right to elect to make contributions and receive service credit for "Public Service" and an "Additional Retirement Service Credit" (ARSC). In May 2007 petitioner elected to make such contributions and made $123,664 in after-tax contributions comprising $17,920 for "Public Service" and $105,744 for ARSC. He made no other after-tax contributions to CalPERS.

During 2014 petitioner received retirement distributions from CalPERS of $31,973. For 2014 CalPERS reported to the Internal Revenue Service (IRS) that $27,850 of the $31,973 in retirement distributions was taxable.[2]

Petitioner also received retirement distributions of $17,000 from OneWest Bank.[3]

On his 2014 Form 1040, U.S. Individual Income Tax Return, petitioner reported taxable retirement distributions of $37,650, comprising $17,000 from OneWest Bank and $20,650 from CalPERS. In the notice of deficiency respondent determined that petitioner should have reported $44,850 of taxable retirement distributions, reflecting an additional $7,200 from CalPERS.

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those

---

[2]CalPERS calculated the nontaxable portion of petitioner's monthly annuity payment to be $343.51. In its report to the IRS, CalPERS rounded up when computing the annual nontaxable portion of petitioner's annuity (i.e., $343.51 × 12 = $4,122.12 rounds up to $4,123) such that CalPERS reported $27,850 as taxable ($31,973 − $4,123 = $27,850).

[3]Petitioner does not dispute that the distributions from OneWest Bank are taxable.

determinations erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) defines "gross income" broadly as "all income from whatever source derived." It is well established that "gross income" is to be broadly construed, while exclusions from income are to be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); Taggi v. United States, 35 F.3d 93, 95 (2d Cir. 1994). Taxpayers seeking an exclusion from gross income must demonstrate that they are eligible for the exclusion and bring themselves "within the clear scope of the exclusion." Dobra v. Commissioner, 111 T.C. 339, 349 n.16 (1998).

Section 61(a)(9) and (11) provides that annuities and pensions are among the forms of income within the purview of section 61(a). Section 72 sets forth the specific rules applicable to taxation of, among other things, annuities and distributions from qualified employer retirement plans. See sec. 403(a). Those rules generally include in the annuitant's gross income any amount received as an annuity, sec. 72(a), but allow tax-free recovery of the annuitant's investment in the contract, sec. 72(b). The term "investment in the contract" is defined by reference to "the aggregate amount of premiums or other consideration paid for the contract". Sec. 72(c)(1)(A).

Section 72(d) mandates a "simplified method" of recovering the investment in the contract for amounts received as an annuity under a qualified employer retirement plan. The simplified method excludes from gross income the amount of any monthly annuity payment that does not exceed the amount obtained by dividing the taxpayer's investment in the contract by the number of anticipated payments. Sec. 72(d)(1)(B). If the age of the annuitant on the annuity starting date is not more than 55, the number of anticipated payments is 360. Sec. 72(d)(1)(B)(iii).

The parties agree that petitioner's investment in the contract is $123,664. Respondent contends that petitioner may, therefore, exclude from gross income each month $343.51 ($123,664 ÷ 360 = $343.51) of petitioner's annuity payment from CalPERS under the simplified method in section 72(d). Therefore, respondent contends that petitioner is entitled to a yearly exclusion of $4,122 ($343.51 × 12 = $4,122.12). Consequently, respondent argues, petitioner must include in gross income $27,850 of the $31,973 distributions from CalPERS.[4]

Petitioner counters that under the simplified method it would take him 30 years to recover his investment in the contract, at which time he would be 85 years old. See sec. 72(d)(1)(B)(iii) (providing that the number of anticipated payments

---

[4]See supra note 2.

for an annuitant not more than age 55 is 360, or 30 years of annuity payments).

He believes that this is unfair because, he asserts, his preexisting medical

conditions cause his life expectancy to be much shorter than that. Therefore,

petitioner argues, fairness dictates that he should be allowed to calculate the

nontaxable portion of his annuity payments on the basis of a shorter life

expectancy.

We are cognizant of the inequity that petitioner perceives in the application

of the simplified method under the circumstances of his case. Nevertheless, absent

some constitutional defect in the law--and we see none here--we are constrained to

apply the law as written, notwithstanding any countervailing equitable

considerations. See Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-

1174 (7th Cir. 1984), aff'g 80 T.C. 783 (1983); see also Commissioner v. McCoy,

484 U.S. 3, 7 (1987); Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Hays

Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), aff'd, 331 F.2d 422 (7th Cir.

1964). We may not rewrite the law because we may deem its "effects susceptible

of improvement". Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (quoting

Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)). As we stated in Hays

Corp. v. Commissioner, 40 T.C. at 443: "The proper place for a consideration of

petitioner's complaint is in the halls of Congress, not here."

We have no reason to doubt that petitioner is a conscientious taxpayer who takes his tax responsibilities seriously and tries to follow the rules. But, as just discussed, we are constrained to follow the law as written. Accordingly, we sustain respondent's determination that petitioner was required to include retirement distributions of $44,850 in gross income for 2014.[5]

The Court has considered all of petitioner's arguments, contentions, and statements. To the extent they are not discussed herein, the Court concludes that they are moot, meritless, or irrelevant.

To reflect the foregoing,

Decision will be entered for

respondent.

---

[5]Although possibly of small comfort to petitioner, sec. 72(b)(3) provides that where annuity payments cease before the employee's entire contribution is recovered, the amount of the unrecovered contribution is allowed as a deduction on the taxpayer's final income tax return. See sec. 72(d)(1)(B)(ii).