The HAYS CORPORATION, Petitioner,
v.
COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 14378.

United States Court of Appeals
Seventh Circuit.

May 5, 1964.

Rehearing Denied May 26, 1964.

James F. Thornburg, South Bend, Ind., John L. Carey, Edward J. Gray, South Bend, Ind., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward B. Greensfelder, Jr., Attorney, U. S. Department of Justice, Washington, D. C., Lee A. Jackson, David O. Walter, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

HASTINGS, Chief Judge.

We have for review a decision of the Tax Court of the United States concerning deficiencies in federal income taxes of petitioner, The Hays Corporation, for the year 1957. Tax Court Docket No. 87979. The opinion of the Tax Court, by Judge Forrester, was filed May 28, 1963. Decision was entered pursuant thereto July 8, 1963. The decision and supporting opinion are reported. Hays Corporation, 40 T.C. 436.

Most of the facts were stipulated. We are concerned only with questions of law.

Petitioner-taxpayer is an Indiana corporation engaged in the manufacture of precision instruments. Early in 1955, it began negotiations with four individuals (stockholders) who then owned all of the issued and outstanding common stock of Metrotype Corporation. Metrotype was an Illinois corporation engaged in the manufacture of data recordation metering devices, a business related in character to that conducted by Hays.

These negotiations culminated in a written agreement dated May 14, 1955. Pursuant to the agreement plan, Hays issued 5,800 shares of its authorized but unissued corporate held voting common stock at an agreed value of $8.00 per share. It exchanged this stock for the 2,290 shares of Metrotype common stock owned by the stockholders at an agreed value of $20.26 per share. This exchange was at the ratio of 2.53¼ shares of Hays voting common stock for one share of Metrotype common stock.

As a result of this stock exchange, Hays became the corporate owner of all the outstanding stock of Metrotype. It is agreed that Hays and the stockholders were unrelated parties dealing at arm's length.

On or about December 26, 1956, Metrotype was formally dissolved and liquidated under Illinois law. At the time of the dissolution and liquidation, the Metrotype stock was worthless. It is agreed that at the time of the exchange of stock the Metrotype stock in the hands of the stockholders had a cost basis to them of $22,966 and cost (market value) basis to Hays of $46,400.

In its 1956 tax return, Hays claimed "Losses on investment in and liquidation of subsidiary," including $46,400 claimed to be its loss because of its Metrotype stock having become worthless. This resulted in a net operating loss being carried forward to 1957.

The Commissioner of Internal Revenue determined that the proper amount of loss deduction allowable because of the worthlessness of the Metrotype stock was $22,966, rather than $46,400 claimed by Hays on its 1956 return. The Tax Court affirmed the Commissioner's determination.

The propriety of this determination and ruling is the only question in issue before us.

The Commissioner contends and the Tax Court held the stock exchange in question effected a "B" reorganization within the definition of Section 368(a)(1)(B) of the Internal Revenue Code of 1954; that no gain was recognized on the transaction under Section 354(a)(1) of the 1954 Code; and that taxpayer's basis in the Metrotype stock was the aggregate of its basis in the hands of its transferors, by virtue of Section 362(b) of the 1954 Code.

Taxpayer contends that its basis in the Metrotype stock was not limited by Section 362(b), but was the fair market value of the stock it issued in exchange therefor. It urges there was no plan of reorganization to which both corporations were a party under Section 354(a)(1) and hence the nonrecognition provisions of the Code are not applicable and the exchange was taxable. It argues that if Section 362(b) is applicable and requires it to accept the basis of an unre-

lated transferor, it is unconstitutional as a tax on capital under Art. I, Secs. 2 and 9 of the federal Constitution and as violative of the Due Process Clause of the Fifth Amendment.

■■ We affirm the decision of the Tax Court and hold that the written agreement prescribing the terms of the stock exchange was a "plan of reorganization" as set out in Section 354(a) (1); that Metrotype was a "party to a reorganization" as defined in Section 368 (b) (2), since this was "the case of a reorganization resulting from the acquisition by one corporation *of* stock or properties of another." (Emphasis added.) This clearly results in a "B" reorganization within Section 368(a) (1) (B).

■ We are concerned here with the *amount* of taxpayer's claim of loss deduction. The deduction itself is undisputed; only the amount is in question. That amount is determined by the provision in Section 362(b) that "the basis shall be the same as it would be in the hands of the transferor." Since Congress has the power to determine whether and to what extent deductions of losses shall be allowed in computing income taxes, as a matter of legislative grace, New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348 (1934), we agree with the Tax Court that an allowance "of such deduction limited by the basis of a transferor is not unconstitutional." 40 T.C. at 443.

The opinion of the Tax Court sets out the plan of reorganization, the text of applicable sections of the Code and pertinent regulations and considers cited decisions relevant thereto. Since we are in agreement with the reasoning and decision of that court, we see no need to rewrite its opinion and reference is now made thereto. We adopt it as part of this opinion.

For the reasons stated in 40 T.C. 436, the decision of the Tax Court under review is affirmed.

Affirmed.