CLIFTON E. and ANN K. HARRIS, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 8807-74
United States Tax Court
T.C. Memo 1977-417; 1977 Tax Ct. Memo LEXIS 23; 36 T.C.M. (CCH) 1695; T.C.M. (RIA) 770417; December 6, 1977, Filed *23 Clifton E. Harris, pro se. John B. Pohl, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
1968
$9,952.10
1969
5,230.25
These deficiencies were based upon respondent's conclusion that petitioners had not substantiated certain expenditures for which they had taken deductions on their 1968 and 1969 Federal income tax returns, and upon respondent's conclusion that they failed to report all of their gross income in 1968. The sole issue [1] for our determination is whether petitioners have carried their burden of proving respondent's determination with respect to income or deductions to be, in whole or part, incorrect. FINDINGS OF FACT Petitioners *24 are Clifton E. Harris and Ann K. Harris, husband and wife, who resided in Pineville, Louisiana, at the time the petition was filed herein. Petitioner [2] is a physician practicing medicine in Pineville, Louisiana who also owns rental property from which he reported income and claimed deductions. In a statutory notice of deficiency respondent made the following adjustments to items of income and deductions reported by petitioner and his wife on their timely, 1968 and 1969 Federal income tax returns: 1968
1969
Depreciation
Claimed
$ 13,361.30
$ 12,868.10
Allowed
6,951.57
6,430.78
Adjustment
6,409.57
6,437.32
Gross Receipts
As Corrected
94,496.61
Reported
83,667.61
Adjustment
10,829.00
Office Supplies
Claimed
4,785.33
2,764.82
Allowed
2,789.58
1,865.45
Adjustment
1,995.75
899.37
Donations
Claimed
$ 3,545.87 $
Allowed
-0-
Adjustment
3,545.87
Insurance
Claimed
816.77
Allowed
290.77
Adjustment
526.77
Interest
Claimed
1,999.60
Allowed
1,638.94
Adjustment
360.66
Auto Expense
Claimed
4,034.99
Allowed
2,200.00
Adjustment
1,834.99
Repairs
Claimed
$ 4,153.71
Allowed
1,534.26
Adjustment
2,619.45
Utilities
Claimed
3,289.45
Allowed
2,856.45
Adjustment
433.00
Medical Supplies
Claimed
9,725.27
Allowed
9,406.28
Adjustment
318.89
Insurance (Rental Property)
Claimed
606.64
Allowed
449.64
Adjustment
157.00
TOTAL ADJUSTMENTS
$ 25,502.77
$ 10,862.03
*25 OPINION Respondent's determination in a statutory notice of deficiency is presumptively correct so that the burden of proof with respect to such items is on the petitioner. Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner was given ample opportunity at trial to present whatever evidence he had to substantiate a lesser deficiency and the record was kept open for 30 days after trial to enable him to submit whatever relevant documentation he had, but petitioner failed to present, either by documents or through oral testimony, any evidence to rebut respondent's determination. Petitioner explained that no accurate records exist for the taxable years in question because of the physical and psychological strain he endured during this period. While we sympathize with the problems and pressures which he faced, this Court does not possess a general equity power to permit us to give relief upon such a basis. See Hays Corp. v. Commissioner,40 T.C. 436, 442-43 (1963), affd. 331 F.2d 422 (7th Cir. 1964), cert. denied 379 U.S. 842 (1964), and cases cited therein. [3] *26 We must therefore sustain the deficiency as determined by respondent in the statutory notice of deficiency. Decision will be entered for the respondent. Footnotes
1. Although the deficiency notice was mailed in August 1974, more than 3 years after the filing of the tax returns herein, petitioners have filed a consent to the extention of the statute of limitations. Furthermore they have not relied on the statute of limitations either in their pleadings or in court. See Rule 39, Tax Court Rules of Practice and Procedure.↩
2. Since petitioner Ann K. Harris is a party to this proceeding only by reason of having filed a joint return with her husband, Clifton E. Harris will be hereinafter referred to as petitioner.↩
3. Cf. Egan v. Commissioner,T.C. Memo. 1976-351↩.