DONALD G. WHARTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wharton v. Commissioner
Docket No. 11189-77.
United States Tax Court
T.C. Memo 1978-319; 1978 Tax Ct. Memo LEXIS 196; 37 T.C.M. (CCH) 1328; T.C.M. (RIA) 78319; August 15, 1978, Filed Donald G. Wharton, pro se. Kenneth A. Little, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This matter was assigned to and heard by Special Trial Judge Murray H. Falk for the purpose of ruling on the *197 Court's order to show cause why respondent's motion to dismiss for failure to state a claim should not be granted. The Court agrees with and adopts his opinion which is set forth below.[1]
OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies in petitioner's federal income taxes and additions to taxes [2] as follows: Addition to tax under Taxable year
Deficiency
sec. 6653(b), I.R.C. 1954 [3]
1973
$ 9,742
$ 4,871
1974
$ 8,740
$ 4,370
FINDINGS OF FACT Petitioner is an individual who resided in Itasca, Texas, at the time he filed the petition *198 herein.He filed what purported to be federal income tax returns for the years involved with the Internal Revenue Service office in Austin, Texas. The matter came on for hearing on respondent's motion to dismiss the petition for failure to state a claim upon which relief can be granted and on the Court's order to show cause why said motion should not be granted. In his petition, petitioner alleged that the income tax returns which he filed for 1973 and 1974 [4] were filed as "petitions for redress of grievances, a right guaranteed to your Petitioner by the First Amendment to the United States Constitution"; that the issuance of the notice of deficiencies forced him into the improper position of "petitioner" to the Tax Court in violation of due process of law; requested that the Tax Court grant him a trial by jury; and requested that the Tax Court allow him the assistance of counsel of his own choosing. The petition alleged no specific errors in the notice of deficiencies which form the basis of this proceeding. *199 Respondent filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted under Rule 40, Tax Court Rules of Practice and Procedure. The Court thereupon issued an order directing petitioner to file a proper amended petition to show cause as to why respondent's motion should not be granted. Petitioner then filed a document headed "Proper Amended Petition/Plea in Abatement" in which he again complained of being deprived of the benefit and protection of laws by being forced to proceed as "petitioner" in the Tax Court and argued that the notice of deficiencies is void "for want of addition." He asserted that the real matter in controversy was his putative tax returns for 1973 and 1974 and that no decision could therefore be based solely upon the notice of deficiencies. Still, petitioner failed to allege any specific errors in the statutory notice's determination of his tax liabilities for 1973 or 1974. At the hearing, respondent's counsel maintained that petitioner's "Proper Amended Petition/Plea in Abatement" was not sufficient to overcome the deficiencies of the original petition. Petitioner read from and then filed a "Notice of Particular *200 Averment" the gist of which appears to be that petitioner disclaims "the unlawful equity jurisdiction of this Court sitting in executive chancery" over his person or the subject matter and demanding that a "court of law, neutral judge at law, and a 12 person jury" decide his case. Following the hearing, the Court received a document signed by petitioner entitled "Judicial Notice Demand at Supreme Federal Common Law For a Finding of Fact and Conclusion of Law" in which petitioner demanded a finding of fact and conclusion of law as to why the presiding judge of this Court "would state under oath that this Chancery Proceeding was a Court of Law" which statement "was a totally stunning, chilling, devastating falsehood." [5]
OPINION Petitioner's position in this matter is not distinguishable in any material respect from that of the petitioners in Crowder v. Commissioner,T.C. Memo. 1978-273. We repeat what we said there: Since the *201 jurisdiction of this Court is to redetermine the correct amount of the tax liability of the taxpayers who file petitions herein, and petitioners have alleged no errors in respondent's determination thereof, * * * petitioners have failed to state a claim upon which relief can be granted and respondent's motion to dismiss * * * [must be] granted. Egnal v. Commissioner,65 T.C. 255 (1975); Blanchard v. Commissioner,T.C. Memo. 1977-352. * * * With reference to the specific allegations made in the petition, the income tax returns filed by petitioners for 1973 and 1974 were not valid returns since they did not contain sufficient data from which their tax liability for the year could be determined. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Hatfield v. Commissioner,68 T.C. 895 (1977). The issuance of the notice of deficiency did not force petitioners to become "petitioners" in the Tax Court in violation of due process of law because they could have paid the deficiencies and filed suit for refund in the United States District Court or the United States Court of Claims. *202 Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636 (5th Cir. 1966); Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975). Petitioners are not entitled to a trial by jury in the Tax Court. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra.Petitioners did not seek representation by any specific "counsel of their own choosing" and no such counsel filed an entry of appearance in behalf of petitioners, so such request is moot. See also Cupp. v. Commissioner,supra.
With reference to what appears to have been a nearly identical "Notice of Particular Averment, [etc.]" read and filed at the hearing, the following was said in Cameron v. Commissioner,T.C. Memo. 1978-272, and is equally applicable here: The United States Tax Court (formerly the Tax Court of the United States, and before that, the Board of Tax Appeals) was established by Congress as a Court of record under Article I of the United States Constitution. Sec. 951, Tax Reform Act of 1969, contained in sec. 7441, I.R.C. 1954, as amended. It is a Court of law, not equity, and has constitutional *203 authority to hear and determine tax cases. Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971); Nash Miami Motors, Inc. v. Commissioner, 358 F.2d 636 (5th Cir. 1966); Hays Corporation v. Commissioner,40 T.C. 436 (1963), affd. 331 F.2d 422 (7th Cir. 1964). Its judges are appointed by the President of the United States, with the advice and consent of the Senate, solely on the grounds of fitness to perform the duties of the office, sec. 7443, and presumably are neutral as are other Federal judges. [6] A taxpayer is not entitled to a jury trial in the Tax Court, Wickwire v. Reinecke,275 U.S. 101, 105 (1927); Dorl v. Commissioner,57 T.C. 720 (1972), and once a taxpayer has elected to seek redress with regard to his tax deficiency by filing a petition in the Tax Court he cannot at a later time claim prejudice through deprivation of right to a jury trial. United States v. Gunc,435 F.2d 465 (8th Cir. 1970); Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959). Petitioner has failed to articulate the alleged violations of his rights under * *204 * * the Constitution * * * and we have no way of knowing just how those rights were allegedly violated. Furthermore, similar vague references to various constitutional violations have been dealt with and rejected by this Court. See Hatfield v. Commissioner,68 T.C. 895 (1977); Ramsden v. Commissioner,T.C. Memo. 1978-158. Respondent's motion will be granted. An order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule. The parties were heard on oral argument.
2. Respondent has since conceded that petitioner is not liable for any additions to taxes. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. On these purported returns, petitioner entered no figures except $ 10 dividends received in 1973, 58" dividends and $ 13.40 interest received in 1974, and personal exemption deductions of $ 1,500 in 1973 and $ 750 in 1974, on the ground that to do so would violate his right not to incriminate himself.↩
5. The "demand" contained therein was improper and totally irrelevant and the document was returned to petitioner, unfiled, as being inappropriate under our Rules. See Crowder v. Commissioner,T.C. Memo. 1978-273↩.
6. The Court's special trial judges are authorized by statute to proceed under rules and regulations promulgated by the Court. Sec. 7456(c). They are, equally, neutral.↩