ROBERT R. INCOLLINGO AND S.F. INCOLLINGO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Incollingo v. Commissioner
Docket No. 2080-80.
United States Tax Court
T.C. Memo 1982-727; 1982 Tax Ct. Memo LEXIS 19; 45 T.C.M. (CCH) 350; T.C.M. (RIA) 82727; December 20, 1982. Robert R. Incollingo, pro se. Russell K. Stewart, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Code [1] and Rules 180 and 181. [2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial *21 Judge: Respondent determined a deficiency in petitioners' 1976 Federal income tax in the amount of $832.00. The sole issue for decision is whether petitioners are entitled under section 217 to a deduction for moving expenses. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Cherry Hill, New Jersey, at the time they filed their petition in this case. Prior to November 1975, petitioner Robert R. Incollingo (petitioner) was employed in Blue Bell, Pennsylvania, and maintained a residence in Warminster, Pennsylvania. This residence was 15.9 miles from his principal place of work. [3]
In February 1976, petitioner's employer moved its offices to Cherry Hill, New Jersey. In June 1976, petitioners moved from their Pennsylvania residence to a new residence in Cherry Hill, *22 New Jersey, a distance of between 30 and 42 miles. On their 1976 return, petitioners claimed an adjustment to income totaling $3,251.55.This amount represents the costs incurred by petitioners in moving to their new residence in New Jersey. Respondent disallowed the deduction on the ground that petitioners failed to satisfy the distance requirements set forth in section 217(c). Respondent also made an automatic adjustment to petitioners' medical expense deduction. OPINION As a general rule, the cost of moving to a new residence is a personal expenditure and is thus nondeductible. Section 262. Section 217, however, provides for an exception to the general rule if the moving costs are incurred "in connection with the commencement of work by the taxpayer as an employee * * * at a new principal place of work." Section 217(a). Respondent has conceded that petitioners incurred the claimed expenses and that the expenses were incurred in connection with petitioner's commencement of work at a new principal place of work. The disallowance of the claimed deduction is based solely on respondent's determination that petitioners failed to satisfy the distance requirements set forth *23 in section 217(c)(1). Section 217(c)(1), as in effect for the taxable year in question,[4] provided in part that: (c) CONDITIONS FOR ALLOWANCE.--No deduction shall be allowed under this section unless -- (1) the taxpayer's new principal place of work-- (A) is at least 50 miles farther from his former residence than was his former principal place of work, or (B) if he had no former principal place of work, is at least 50 miles from his former residence For purposes of paragraph (1), the distance between two points shall be the shortest of the more commonly traveled routes between such two points. It is clear that under either section 217(c)(1)(A) or (B), the minimum distance required is at least 50 miles between the former residence and the new place of employment. [5] In the case of an employed person, that minimum distance must be increased by the mileage from the former residence to the former principal place of employment. For example, 50 miles plus 15.9 miles equals 65.9 *24 miles. It appears that in 1976 there were three commonly traveled routes from petitioner's Pennsylvania residence to his new principal place of work in New Jersey. The distance between the two locations varied significantly depending upon which route was taken. Petitioner's employer moved to New Jersey in February 1976. Petitioner commuted to his place of work in New Jersey and continued to reside in Pennsylvania until June 1976. The route used by petitioner to commute to New Jersey was the longest of the three routes available. The parties agree that this route measures 54 miles in length. [6] Accordingly, petitioner believes he has satisfied the distance requirements of section 217(c)(1). *25 The route used by petitioner was selected for reasons of personal convenience while commuting. According to petitioner, although the other routes were shorter in distance, they required more time because of traffic delays. Unfortunately for petitioner, neither personal convenience nor commuting time is the limitation employed in section 217(c)(1). Section 217(c)(1) imposes the distance limitations set forth above and further provides that the distance between two geographic points is to be measured by the shortest of the more commonly traveled routes between the two points. Section 1.217-2 (c)(2)(iii), Income Tax Regs., further provides that: The shortest of the more commonly traveled routes refers to the Line of travel and the made or modes of transportation commonly used to go between two grographic points comprising the shortest distance between such points irrespective of the route used by the taxpayer. (Emphasis added). Robert Tengood (Tengood), an Internal Revenue Service Agent, testified that he drove two of the three routes leading from petitioner's former residence to his new place of work. He ascertained that the route used by petitioner for commuting *26 measured 54 miles. The second route traveled by Tengood measured 42 miles. Neither of the measurements was challenged by petitioner. Tengood testified that the third route would have been a shorter distance than either of the other two routes. Petitioner admitted at trial that this third route is the shortest, most commonly traveled route between his former residence and his new place of employment and measured only "30-some miles." It is clear from the record that the third route is the one to be used in determining whether the distance requirements of section 217(c)(1) have been met. Section 1.217-2(c)(2)(iii), Income Tax Regs. Since this route is less than 50 miles, petitioners have not satisfied the distance requirements of the statute. [7] See Shepherd v. Commissioner,T.C. Memo. 1976-48. *27 At trial, petitioner argued that we should not adopt a "harsh interpretation" of the statute. Petitioner believes that since Congress reduced the distance requirements to 35 miles for taxable years beginning after December 31, 1976, [8] we should interpret the statute liberally. However, we can not ignore the fact that Congress chose not to make this change retroactive. We must apply the law in effect during the year in issue since we do not have the authority to decide a case on the basis of equitable considerations. Hays Corporation v. Commissioner,40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).
Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Since petitioners have failed to prove they are entitled to the deduction, respondent must be sustained. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect for the taxable year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that rule are not applicable to this case.↩
3. Respondent conceded that this was the case. We note that petitioner temporarily worked at a location over 26 miles from his residence. Since it would be to petitioners' disadvantage to use the greater distance, we will accept respondent's concession.↩
4. The required distance was reduced to 35 miles for taxable years beginning after December 31, 1976. Section 217(c)(1), as amended by section 506(a), Tax Reform Act of 1976, 90 Stat. 1568.↩
5. Petitioner alleged that he was unemployed for one day and therefore he falls under section 217(c)(1)(B). Even if he were unemployed for one day, this would not meet the "substantial period of unemployment" requirement in section 1.217-2(a)(3), Income Tax Regs.↩, which would have to be satisfied before that section would become applicable. In any event, he does not meet the mileage requirements of that section.
6. On Form 3903, Moving Expense Adjustment, attached to their 1976 return, petitioners claimed that the distance from their former residence to the new business location was "Approx 65" miles.↩
7. Furthermore, petitioner had a former principal place of employment so that (c)(1)(A) of section 217 is the only subsection which is applicable. If the 15.9 mile distance from petitioner's former place of work to his former residence is added to the 50 miles specified in the section, petitioner would not quality for relief even if the longest route between his former home and his new job state is used.↩
8. See footnote 4, supra.↩