MARILYN JOY TUER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Tuer v. Commissioner
Docket No. 8153-82
United States Tax Court
T.C. Memo 1983-441; 1983 Tax Ct. Memo LEXIS 345; 46 T.C.M. (CCH) 870; T.C.M. (RIA) 83441; July 27, 1983. Marilyn Joy Tuer, pro se. Jerome F. Warner, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *346 OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent determined a deficiency of $646.50 in petitioner's 1979 Federal income tax. After a concession by respondent, the issues for decision are (1) whether petitioner may deduct payments of property taxes due and interest on a mortgage owed on her father's residence, and (2) whether petitioner is entitled to a sales tax deduction in excess of the amount allowed by respondent. Some of the facts are stipulated and are so found. Petitioner was a resident of Jamesville, New York, at the time of filing her petition. During 1979, petitioner and her two children resided with petitioner's parents in a home owned by her father. Petitioner's father was in poor health and unable to manage his financial affairs during 1979. Petitioner paid school and city taxes billed to her father and mortgage payments due on the property. The mortgage obligated petitioner's father to make his payments. Respondent disallowed the amounts petitioner paid for property taxes and interest on the mortgage. It is well established that, in general, taxes paid on property may be deducted as such only if the payer is the person *347 on whom the tax obligation is imposed. See section 1.164-1(a), Income Tax Regs.; Cramer v. Commissioner,55 T.C. 1125, 1130 (1971); Schrayter v. Commissioner,T.C. Memo 1979-388. The same rule prevents a person from deducting mortgage interest as such if that person is not legally obligated to pay the mortgage. Section 1.163-1(b), Income Tax Regs.; Schrayter v. Commissioner,supra;Emmons v. Commissioner,T.C. Memo. 1961-290. Title to the property in question was transferred to petitioner's name sometime after 1979. Accordingly, no deductions for taxes and interest paid the allowable to petitioner in the taxable year. However, petitioner argues that her payments of the interest and taxes due had to be made to protect foreclosure of the property. Since petitioner's father's physical and mental condition prevented him from thinking clearly and handling business matters, petitioner contends that her "mitigating circumstances" require an allowance of the taxes and interest deductions claimed. However, we must decide the case under the Internal Revenue Code, not on what we perceive to be extenuating circumstances. *348 See Commissioner v. Gooch Co.,320 U.S. 418 (1943); Hays Corp. v. Commissioner,40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (9th Cir. 1964). Respondent is sustained on this issue. Petitioner claimed an estimated sales tax deduction of $700 on her tax return. Respondent calculated a deduction of $373.80 by use of his optional State sales tax tables as applied to petitioner's 1979 income.Petitioner argues that the allowable deduction should be increased based on additional available income from loans received from a bank and her employer totaling approximately $7,000. We agree with respondent that petitioner may not include loan proceeds in the amount of income to which the State sales tax tables apply. As a matter of administrative convenience, the Commissioner permits a taxpayer to deduct State sales taxes under section 164 without showing the exact amounts spent; instead, the taxpayer may deduct an amount keyed to his income, as set forth in the optional State sales tax tables. See generally McCabe v. Commissioner,T.C. Memo. 1983-325. A taxpayer's income for these purposes includes his adjusted gross income *349 plus certain nontaxable items such as social security, workers' compensation, and the amount of dividends excluded from income. Respondent's administrative practice does not classify loans as one of these includable items, and we think properly. A loan differs from the other items listed as includable because it is not considered as nontaxable income; rather, because of the repayment obligations, it is not income at all. While in the year the loan is received, a taxpayer may have more money to spend (at least to the extent that the loan's proceeds exceed that year's repayments), in later years when the loan is repaid, his adjusted gross income (for purposes of the State sales tax tables) is not reduced to reflect the repayments. Respondent's position of not including loan proceeds in income in the year of receipt and not reducing income for repayments in later years is thus consistent. And, as the sales tax tables are designed as an administrative convenience, consistency which forestalls further complication must be upheld. Because petitioner has not shown that she is entitled to any further deduction for State sales taxes, either through the State sales tax tables or through *350 actual expenditures, we sustain respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.