T.C. Memo. 1996-354

UNITED STATES TAX COURT

BRENT ALLAN PULLIAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 899-95.                    Filed August 1, 1996.

Brent Allan Pulliam, pro se.

<u>Bryan E. Sladek</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined a deficiency of $2,479 in petitioner's
1992 Federal income tax.  The sole issue for decision is whether

---

[1]     Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

petitioner is liable for the 10-percent additional tax imposed under section 72(t) on early distributions from qualified retirement plans.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Walnut Creek, California.

Prior to and during the year at issue, petitioner was a self-employed insurance agent, specializing in the sale of long-term care insurance. Petitioner represented the Aetna and CNA insurance companies.

During 1992, petitioner was participating in two retirement plans offered by Northwestern Mutual Life Insurance Co. (Northwestern). One plan was a simplified employee pension (SEP) plan for self-employed individuals qualified under section 408(b) and (k); the other was a Keogh plan qualified under section 401(a). Each of these plans was funded 100 percent by petitioner. Petitioner did not represent or sell any insurance contracts offered by Northwestern.

Beginning in 1988 and continuing in 1992, petitioner sustained a downturn in sales of insurance policies. As a consequence, petitioner's income was reduced drastically. In order to pay off his debts, petitioner made early withdrawals totaling $24,793.94 from his two retirement plans during 1992.

Specifically, petitioner received a distribution of $14,793.94 from the SEP plan and a distribution of $10,000 from the Keogh plan.  Petitioner received a Form 1099-R from Northwestern, showing premature taxable distributions totaling $24,793.94 with no exceptions applicable.  During the year 1992, petitioner was 36 years of age.

On his 1992 Federal income tax return, petitioner reported the total distributions of $24,793.94 as gross income. Petitioner did not report, however, liability for the 10-percent additional tax under section 72(t), claiming that the distributions were excepted from the additional tax due to financial hardship.  In the notice of deficiency, respondent determined that petitioner was liable for the 10-percent additional tax under section 72(t).

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 72(t) provides for a 10-percent additional tax on early distributions from qualified retirement plans.  Paragraph (1), which imposes the tax, provides in relevant part as follows:

> (1)  Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent

of the portion of such amount which is includible in gross
income.

The parties do not dispute that petitioner's SEP and Keogh plans are qualified retirement plans under section 4974(c). The 10-percent additional tax, however, does not apply to certain distributions. Section 72(t)(2) exempts distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; (6) as dividends paid with respect to corporate stock described in section 404(k); (7) to an employee for medical care; or (8) to an alternate payee pursuant to a qualified domestic relations order.

Petitioner concedes that none of the described section 72(t)(2) exemptions apply in his case. Petitioner contends, however, that, due to his financial hardship, the distributions should be exempt from section 72(t), and that, in not allowing a financial hardship exemption, section 72(t) is contrary to public policy and violates his constitutional right to equal protection. Petitioner also relies heavily on the case of In re Cassidy, 983 F.2d 161 (10th Cir. 1992).

- 5 -

In In re Cassidy, supra, the Court of Appeals held that, in determining the priority of claims for bankruptcy purposes, the section 72(t) additional tax constitutes a penalty that bears no relationship to the direct financial loss of the Government and is thereby punitive in nature.  Accordingly, pursuant to the bankruptcy laws, the Internal Revenue Service's claim against the taxpayer for the payment of the section 72(t) additional tax was ineligible for priority status, and the Internal Revenue Service, therefore, was subordinated to the status of a general unsecured creditor.  Relying on In re Cassidy, supra, petitioner argues that his "financial hardship circumstances and subsequent premature withdrawals to pay outstanding debts constitute a bankruptcy, and the early withdrawal penalty should be subordinated in accordance with the equitable principles of the Bankruptcy Code, thereby effectively relieving the penalty assessment."

Petitioner's reliance on In re Cassidy, supra, is misplaced. The Court of Appeals' holding was based strictly on bankruptcy policy and was limited to determining the priority of claims in bankruptcy proceedings.  The holding is not applicable to this case.  Petitioner is not in a bankruptcy proceeding, and his case before this Court is solely for the purpose of determining his income tax liability.  Moreover, the argument petitioner makes is not even analogous to the question in this case as to whether the

premature distributions from the two qualified plans were exempt from the additional tax of section 72(t) because there are no competing claims from which a determination of priorities has to be made.

Petitioner also contends that the limited exceptions to the section 72(t) additional tax violate his constitutional right of equal protection. Specifically, petitioner argues that the death and disability hardship exceptions to section 72(t) are "under-inclusive, denying exceptions for general hardship circumstances, thereby treating similarly situated persons in a substantially different manner." The "hardship exceptions" in section 72(t) for death and disability do not involve either a fundamental interest or a suspect classification. Accordingly, the proper level for review is the rational basis test--i.e., whether the classification bears a reasonable relationship to some legitimate government purpose. The legislative history of section 72 provides that the section was enacted to prevent the diversion of retirement savings for nonretirement purposes and to recapture a measure of the tax benefits provided by the deferral of income tax through retirement plans. At the same time, Congress recognized that it was appropriate to provide, under limited circumstances, an exemption from the tax for certain withdrawals on account of specified hardships. H. Rept. 99-426 (1985), 1986-3 C.B. (Vol.2) 1, 727-729; S. Rept. 99-313 (1985), 1986-3 C.B.

(Vol. 3) 1, 612-613.  Petitioner failed to prove to the Court that the omission in the statute of an exemption from the additional tax under section 72(t) for financial hardships, as opposed to those resulting from death or disability, was not reasonable and, therefore, that the statute was not constitutional.  Whether Congress' distinction between financial hardships and those caused by death or disability is a wise one for policy, as opposed to constitutional, reasons is a matter for petitioner to argue to Congress and not to this Court.  Finally, petitioner argues generally that section 72(t) is contrary to public policy and is inequitable.  The Tax Court is a court of limited jurisdiction and lacks general equitable powers.  Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436 (1963), affd. 331 F.2d 422 (7th Cir. 1964); see sec. 7442.  The Court has no authority to disregard the express provisions of statutes adopted by Congress, even where the result in a particular case seems harsh.  See, e.g., Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983).

In view of the foregoing, the Court holds that petitioner is liable for the 10-percent additional tax imposed by section 72(t).  While the Court sympathizes with petitioner's financial situation, the Court notes that petitioner's participation in the two retirement plans was voluntary.  The decision to participate

in such plans comes with attendant benefits and costs.  While participation in the plans allowed petitioner the deferral of income tax, early distributions from these plans result in the additional tax under section 72(t).  Just as petitioner's decision to participate in the retirement plans was voluntary, so too was his decision to make the early withdrawals from his SEP plan and Keogh plan, albeit under an adverse financial situation.  Petitioner must accept the consequences of the withdrawals.

<u>Decision will be entered</u>

<u>for respondent.</u>