T.C. Summary Opinion 2001-81


UNITED STATES TAX COURT


THOMAS E. & DOROTHY J. ROSS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14285-99S.                    Filed June 11, 2001.


Thomas E. Ross, pro se.

<u>Randall L. Preheim</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' 1997 Federal income tax in the amount of $10,257. This Court must decide whether petitioners are liable for the alternative minimum tax (AMT) under section 55. Petitioners do not dispute the computation of the AMT.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Evergreen, Colorado, at the time they filed their petition.

Dorothy Ross (Mrs. Ross) was the beneficiary of two trusts during the year at issue. The trusts invested only in one mutual fund and did not invest in rental property or engage in the operation of a trade or business. A legal dispute arose with respect to the beneficiaries of the trusts and the trustee bank regarding the trustee bank's management of the trusts. In connection with the legal dispute, petitioners personally incurred and paid legal and accounting fees totaling $63,247 in 1997. Petitioners reported $63 of interest income and $33,370 of dividend income from the trust in 1997. Petitioners deducted the legal and accounting fees on Schedule A - Itemized Deductions under line 22 "Other expenses". Petitioners did not file Form 6251, Alternative Minimum Tax - Individuals, with their 1997 return.

Respondent determined that petitioners are liable for the AMT in the amount of $10,257. Petitioners contend that they

incorrectly deducted the legal and accounting fees as miscellaneous itemized deductions. They claim the fees should have been deducted directly from the trust income, or, in other words, from gross income, in the same manner that business or rental property expenses are directly deducted from business or rental income, respectively. Petitioners allege that if they had reported the fees in this manner, then the AMT would not apply. In their memorandum, petitioners contended that the application of the AMT to their situation is not fair and was not intended by Congress, but they did not pursue this argument at trial.

The alternative minimum tax is imposed on taxpayers under section 55. The determination of an individual's alternative minimum tax requires a recomputation of the taxable income leading to a new tax base, the alternative minimum taxable income. Sec. 55(b)(2). In computing the alternative minimum taxable income, no deduction is allowed for miscellaneous itemized deductions as defined in section 67(b). Sec. 56(b)(1).

Section 212 allows an individual a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income or for the management, conservation, or maintenance of property held for the production of income. Sec. 212(1) and (2). The legal and accounting fees in this case are such expenses. Burch v. United States, 698 F.2d 575, 579 (2d Cir. 1983) (taxpayer allowed

deduction for legal fees incurred to protect income-producing property from excessive management fees); Barr v. Commissioner, T.C. Memo. 1989-420.  Under section 67(b), this deduction is a miscellaneous itemized deduction.

Section 62(a) lists the deductions allowable in arriving at adjusted gross income.  One of these deductions is for trade or business expenses.  Sec. 62(a)(1).  However, the trusts are not a trade or business, nor do the trusts carry on a trade or business.  Section 62(a)(4) allows a deduction for expenses allowed under section 212 if the expenses are attributable to property held for the production of rents or royalties.  Mrs. Ross did not receive rents or royalties from the trusts. Therefore, this section does not apply.  The deduction for the legal and accounting fees is not one of the deductions allowable in arriving at adjusted gross income under section 62(a).  We find that petitioners correctly reported the legal and accounting fees as a miscellaneous itemized deduction.  As a result, the AMT, as determined by respondent, applies to petitioners.

We have previously held that the text of the AMT statute is clear and unambiguous.  Klaassen v. Commissioner, T.C. Memo. 1998-241, affd. without published opinion 182 F.3d 932 (10th Cir. 1999).  However unfair this statute might be to petitioners, we must apply the law as written.  Id.  "The proper place for a consideration of [petitioners'] complaint is the halls of

Congress, not here."  <u>Hays Corp. v. Commissioner</u>, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964).  Accordingly, we sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>