T.C. Summary Opinion 2004-141

UNITED STATES TAX COURT

JAMES BRIAN MEDIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10132-03S.          Filed October 13, 2004.

James Brian Medis, pro se.

<u>Thomas J. Fernandez</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed. The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority. Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined that petitioner is liable for a deficiency in Federal income tax of $6,662 and an addition to tax under section 6651(a)(1) of $999.30 for the 2000 taxable year. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to claimed itemized deductions and (2) whether petitioner is liable for the alternative minimum tax (sometimes referred to as AMT) for the 2000 taxable year.

### Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed petitioner resided in Blue Jay, California.

On June 17, 2001, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the 2000 taxable year (2000 income tax return). Petitioner did not request, nor did he receive, an extension to file his 2000 income tax return. Petitioner reported wages of $50,921, such amount also being reported as petitioner's adjusted gross income for the 2000 taxable year. Petitioner claimed the following itemized deductions on Schedule A:

---

[1] Petitioner concedes that he is liable for the addition to tax under sec. 6651(a)(1) for the 2000 taxable year. Petitioner further concedes that he received, but failed to report wages of $12,138 for the 2000 taxable year.

| | |
|---|---:|
| Medical and dental expenses | -0- |
| State and local income taxes | $336 |
| Interest | -0- |
| Gifts to charity | 400 |
| Job expenses and most other miscellaneous deductions | 33,645 |
| Other miscellaneous deductions | 500 |
| | |
| Total itemized deductions | [1]$34,881 |

[1]Petitioner incorrectly calculated the total itemized deductions and claimed $34,145.

The $33,645 claimed for "Job expenses and most other miscellaneous deductions" was calculated with reference to miscellaneous itemized deductions of $34,663.[2] Petitioner did not report an AMT on his 2000 income tax return.

During an examination of the 2000 income tax return, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for the 2000 taxable year (amended return). Petitioner reported additional wages of $12,138 and claimed additional itemized deductions of $12,950. Specifically, petitioner claimed the following itemized deductions on Schedule A of the amended return:

| | |
|---|---:|
| Medical and dental expenses | -0- |
| State and local income taxes | $336 |
| Interest | -0- |
| Gifts to charity | 400 |
| Job expenses and most other miscellaneous deductions | 47,095 |
| Other miscellaneous deductions | -0- |
| | |
| Total Itemized Deductions | [1]$47,831 |

[1]Petitioner incorrectly reported the "Correct amount" as $47,950.

In the notice of deficiency, respondent determined that petitioner failed to report additional wages of $12,138 (as

---

[2] Taking into consideration the 2-percent floor on miscellaneous itemized deductions.

reported by petitioner on the amended return) and that petitioner was liable for an AMT of $4,802 for the 2000 taxable year. Respondent also determined that petitioner was not entitled to the additional itemized deductions claimed on the amended return and made a downward adjustment of $243 to the total itemized deductions claimed for that taxable year.

## Discussion

The Commissioner's determination is presumed correct, and generally, a taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The burden as to a factual issue relevant to the liability for tax may shift to the Commissioner if the taxpayer introduces credible evidence and satisfies the requirements under section 7491(a)(2) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests. Sec. 7491(a). In the present case, the burden of proof remains on petitioner because he has neither taken a position as to whether the burden of proof should be placed on respondent nor

established that he has complied with the requirements of section 7491(a).

Itemized Deductions

Respondent determined that petitioner is not entitled to $243 of the $34,881 claimed as total itemized deductions on his 2000 income tax return. This determination was made pursuant to section 67, which provides that "miscellaneous itemized deductions for any taxable year shall be allowed only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." Sec. 67(a). On the 2000 income tax return, petitioner claimed miscellaneous itemized deductions of $34,663 before the section 67 reduction. Petitioner's adjusted gross income for the 2000 taxable year increased from $50,921 to $63,059, the difference being solely attributable to the additional wages of $12,138 that petitioner failed to report on the 2000 income tax return.[3] Because of this difference, the 2-percent floor on miscellaneous itemized deductions under section 67 was "raised" by $243. We conclude that respondent has correctly computed this adjustment.

We note that respondent's determination with respect to itemized deductions was based upon the 2000 income tax return and not the amended return. While petitioner has claimed additional

---

[3] As indicated, petitioner reported this amount on his amended return.

itemized deductions on the amended return, he has not presented any evidence to substantiate that he is entitled to these additional deductions.  Instead, petitioner contends that the total itemized deductions should not be limited when he accurately answered the following question on line 28 of Schedule A:  "Is Form 1040, line 34, over $128,950 (over $64,475 if married filing separately)?"  This limitation, however, is based upon section 68 and not upon section 67, the latter of which, as indicated earlier, is the basis of respondent's determination.

We conclude that petitioner is entitled to claim total itemized deductions of $34,638 for the 2000 taxable year, an amount $243 less than $34,881 claimed on the 2000 income tax return.  Accordingly, we sustain respondent's determination with respect to this issue.

Alternative Minimum Tax

Respondent determined that petitioner is liable for an AMT of $4,802 for the 2000 taxable year.  Section 55 imposes, in addition to all other taxes imposed by subtitle A, an AMT on noncorporate taxpayers.  The determination of a noncorporate taxpayer's AMT requires a recomputation of taxable income, leading to a new tax base or an alternative minimum taxable income.  Sec. 55(b)(2).  In making the recomputation, certain (but not all) itemized deductions are not allowed, nor is the personal exemption.  In particular, miscellaneous itemized

deductions are not allowed in the computation of the alternative minimum taxable income. Sec. 56(b)(1)(A)(i). The sum of these disallowed items may trigger a liability for the AMT. In the present case, petitioner's miscellaneous itemized deductions alone total $33,402 after application of the 2-percent floor under section 67. Coupled with the other unallowable expenses, specifically spelled out in the statute, petitioner's AMT liability ensues.

Petitioner nevertheless contends that the AMT is confusing and complex, and he is unclear as to why he is liable for the AMT, which effectively deprives him of the benefit of his itemized deductions. Congress established the alternative minimum taxable income as a broad base of income in order to tax taxpayers more closely on their economic income, intending for all taxpayers to pay their fair share of the overall Federal income tax burden. Allen v. Commissioner, 118 T.C. 1, 5 (2002). However unfair this statute might seem to petitioner, the Court must apply the law as written. As this Court noted in Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), affd. 331 F.2d 422 (7th Cir. 1964): "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here." Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.