**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-12

UNITED STATES TAX COURT

JASON MICHAEL FITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10712-11S.                          Filed February 20, 2013.

Jason Michael Fite, pro se.

<u>Emily Giometti</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion For Summary Judgment, filed December 14, 2012, pursuant to Rule 121.  In his motion respondent moves for a summary adjudication in his favor on the substantive issue presented by this case; namely, whether petitioner is entitled to a first-time homebuyer credit (FTHBC) under section 36 for 2009.  Respondent concedes in his motion that petitioner is not liable, as originally determined, for an accuracy-related penalty under section 6662(a) and (b)(2) for a substantial understatement of income tax.

For the reasons discussed below, we shall grant respondent's motion.

Background

Petitioner resided in the State of Ohio at the time that the petition was filed with the Court.

As reflected in a U.S. Department of Housing and Urban Development Settlement Statement (HUD-1), petitioner purchased a residence at 4083 Pleasant

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2009, the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Street, Cincinnati, Ohio, on November 11, 2009. The Settlement Statement lists the name and address of the seller as Michael F. Fite of 4083 Pleasant Street, Cincinnati, Ohio. Michael F. Fite is petitioner's father.

According to the Settlement Statement, petitioner financed the contract sale price of $105,800, plus related transaction costs, principally by a new loan of $103,883 and a "gift of equity" of $3,703.

On his 2009 income tax return, petitioner claimed an FTHBC of $8,000 in respect of his purchase of the Pleasant Street residence.

Ultimately, after examination, respondent disallowed the FTHBC, determining a deficiency of $8,000, as well as an accuracy-related penalty (since conceded) of $1,600. Petitioner then appealed to this Court for redetermination.

Discussion

A. The FTHBC

As applicable herein, and as amended by the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, sec. 1006, 123 Stat. at 316, section 36 generally allows up to an $8,000 credit against an individual's Federal income tax if the individual qualifies as a first-time homebuyer who "purchased" a principal residence in the United States after April 9, 2008, and before December 1, 2009. Sec. 36(a), (h).

Section 36(c)(3)(A)(i) defines a "purchase" for purposes of the FTHBC as "any acquisition, but only if * * * the property is not acquired from a person related to the person acquiring such property". A related person specifically includes an ancestor, secs. 36(c)(5), 267(b)(1), (c)(4), which would, of course, include a parent.

Respondent contends that petitioner did not "purchase" the residence within the meaning of section 36 because he acquired the residence from a "related person", i.e., his father.[2] Thus, respondent concludes that petitioner is not entitled to the FTHBC in respect of the Pleasant Street residence.

Petitioner does not deny that he acquired the Pleasant Street residence from his father. Rather, he contends that "[t]here shouldn't be a rule that you bought a home from a relative when you buy the house for fair market value & you have a mortgage payment."

Although the Court recognizes the logic of petitioner's position and is aware of his current financial situation, petitioner must understand that absent some constitutional defect, the Court is constrained to apply the law as written, see Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir.

---

[2] Respondent does not dispute that petitioner otherwise qualifies as a "first-time homebuyer" or that the residence is a "principal residence" for FTHBC purposes.

1984), aff'g 80 T.C. 783 (1983), and may not rewrite the law because we might deem its effects susceptible of improvement, see Commissioner v. Lundy, 516 U.S. 235, 252 (1996) (citing Badaracco v. Commissioner, 464 U.S. 386, 398 (1984)). Accordingly, petitioner's argument must, in this instance, be addressed to his elected representatives. "The proper place for a consideration of petitioner's complaint is the halls of Congress, not here." Hays Corp. v. Commissioner, 40 T.C. 436, 443 (1963), aff'd, 331 F.2d 422 (7th Cir. 1964).

B. Conclusion

Petitioner acquired the Pleasant Street residence from his father, a related person under section 36(c)(5). Thus, because petitioner acquired the residence from a related person, he did not "purchase" it within the meaning of section 36(c)(3), and he is therefore not entitled to the FTHBC under section 36. Accordingly, the Court is constrained to sustain respondent's determination disallowing the $8,000 credit.

To reflect the foregoing,

An appropriate order and decision
will be entered granting respondent's
motion for summary judgment and deciding
that petitioner is liable for the deficiency in
tax but *not* the accuracy-related penalty.