**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-59

UNITED STATES TAX COURT

LORENZO MARQUISE COOPER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11245-12S.                    Filed July 22, 2013.

Lorenzo Marquise Cooper, pro se.

Christopher D. Bradley and John W. Sheffield III, for respondent.

SUMMARY OPINION

BUCH, Judge:  This case was heard pursuant to section 7463 of the Internal

Revenue Code in effect when the petition was filed.[1]  Under section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

decision to be entered in this case is not reviewable by any other court, and this opinion may not be treated as precedent for any other case.

In 2010 Lorenzo Cooper supported a minor child, T.P.[2] On his 2010 Federal income tax return, Mr. Cooper claimed a dependency exemption deduction for T.P.; he also elected head of household status and claimed both the child tax credit and the earned income tax credit. The Internal Revenue Service (IRS) determined that Mr. Cooper was not entitled to either tax credit, that he was not entitled to head of household status, and that he was not entitled to a dependency exemption deduction for T.P. The IRS issued a notice of deficiency on February 6, 2012, and on May 7, 2012, Mr. Cooper timely filed a petition with the Court under section 6213(a).

Respondent has conceded that Mr. Cooper was entitled to a dependency exemption deduction for T.P. and to head of household filing status. After those concessions, the issues remaining for decision are: (1) whether Mr. Cooper is entitled to the child tax credit for T.P. and (2) whether Mr. Cooper is entitled to the earned income tax credit for T.P. Because T.P. was not a "qualifying child" in 2010, the Court must decide each of these issues in favor of respondent.

---

[2]It is the policy of the Court to refer to a minor by his or her initials. See Rule 27(a)(3).

## Background

Mr. Cooper timely filed his 2010 Federal income tax return. On that tax return, he claimed head of household filing status and claimed the child tax credit, the earned income tax credit, and a dependency exemption deduction for T.P., who is a minor. T.P. has no biological relation to Mr. Cooper. During 2010 T.P. lived with Mr. Cooper, and Mr. Cooper supported T.P. by paying over half of the household expenses.

Respondent examined Mr. Cooper's 2010 income tax return and disallowed the head of household filing status, the child tax credit, the earned income tax credit, and the dependency exemption deduction. On February 6, 2012, respondent issued a notice of deficiency determining a $4,684 increase in Mr. Cooper's tax liability as a result of the disallowance. On May 7, 2012, Mr. Cooper filed a petition challenging respondent's determinations. He resided in Georgia at the time he filed his petition.

At the time set for trial, Mr. Cooper appeared. At the call of the case, the parties presented a stipulation of facts, and Mr. Cooper summarized his anticipated testimony, which did not expand on the stipulated facts. Respondent orally

stipulated to the dependency deduction and to head of household filing status. As a result, the Court accepted this case as fully stipulated.[3]

## Discussion

As a general matter, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving an error.[4] Further, income tax deductions are considered a "matter of legislative grace", and the burden of proving the entitlement to any claimed deduction or credit rests on the taxpayer.[5] Here, the facts are not in dispute, and all of the questions to be resolved are questions of law.

## I. Qualifying Child

In this case, the availability of the child tax credit and the earned income tax credit turn on a single question: whether T.P. was a qualifying child of Mr. Cooper during the year at issue.[6]

Section 152(c)(1) sets forth five requirements that must be met in order for an individual to be a qualifying child of a taxpayer.

---

[3]See Rule 122.

[4]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

[5]Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

[6]Under facts not present here, one may also be eligible for the earned income tax credit even without a qualifying child. See sec. 32(c)(1)(A)(ii).

First, the child in question must bear a specific relationship to that taxpayer.[7] That is, the child must be (1) a child of the taxpayer, (2) a descendant of a child of the taxpayer, (3) a brother, sister, stepbrother, or stepsister of the taxpayer, or (4) a descendant of a brother, sister, stepbrother, or stepsister of the taxpayer.[8]

Second, the child must live with the taxpayer for more than one-half of the taxable year.[9]

Third, the child must meet certain age requirements.[10] Specifically, the child must be younger than the taxpayer who is claiming the child as a qualifying child. Further, the child must be under age 19 or a student under age 24 at the end of the year.[11]

Fourth, the child must not have provided over one-half of his or her own support for the taxable year at issue.[12]

---

[7]Sec. 152(c)(1)(A).

[8]Sec. 152(c)(2).

[9]Sec. 152(c)(1)(B).

[10]Sec. 152(c)(1)(C).

[11]Sec. 152(c)(3).

[12]Sec. 152(c)(1)(D).

Finally, the child must not have filed a joint tax return with a spouse for the taxable year at issue.[13]

The parties stipulated that during 2010 T.P. lived with Mr. Cooper, T.P. was a minor, and Mr. Cooper provided over one-half of T.P.'s support. Although the record is silent on this point, the Court will assume that T.P., as a minor, did not file a joint return with a spouse for 2010. However, the parties also stipulated that T.P. is not Mr. Cooper's biological child or descendant. If Mr. Cooper had adopted T.P., then T.P. would have been considered Mr. Cooper's child and the specified relationship would exist.[14] However, there is no evidence that Mr. Cooper had adopted T.P. as of the close of 2010, nor is there any evidence that T.P. met any other part of the relationship test.

As a result, not all five of the requirements are fulfilled, and T.P. was not a qualifying child under section 152(c).

## II. Child Tax Credit

Taxpayers are allowed a credit against their income tax for any qualifying child for whom the taxpayer was allowed a deduction under section 151, the

---

[13]Sec. 152(c)(1)(E).

[14]See sec. 152(f)(1)(B).

dependency exemption deduction.[15]  In addition, a portion of this credit can be refundable if certain conditions are met.[16]  Again, a qualifying child is defined by the requirements in section 152(c).[17]  While respondent has conceded that Mr. Cooper is allowed a dependency exemption deduction for T.P., even after that concession T.P. is not a qualifying child under section 152(c).  Thus, Mr. Cooper is not entitled to the child tax credit for the 2010 taxable year.

III. Earned Income Tax Credit

Section 32(a)(1) allows an eligible individual an earned income tax credit to offset that individual's tax liability.  As is relevant here, an eligible individual is someone who has a qualifying child for the taxable year.[18]  Again, the definition of qualifying child refers to section 152(c).[19]  And T.P. does not qualify.

It is possible to qualify for the earned income tax credit without any qualifying children.[20]  Among other requirements, to qualify for the earned income

---

[15]Sec. 24(a).

[16]Sec. 24(d).

[17]Sec. 24(c)(1).

[18]Sec. 32(c)(1)(A)(i).

[19]Sec. 32(c)(3)(A).

[20]See sec. 32(c)(1)(A)(ii).

tax credit without any qualifying children for 2010, a taxpayer's adjusted gross income must have been less than $13,460 if not filing jointly. Mr. Cooper's taxable income for 2010 exceeded that amount. Thus, he is not entitled to the earned income tax credit for 2010.

IV. Conclusion

Mr. Cooper should be commended for supporting T.P.; however, the tax law as written does not allow him the credits he claimed. The Court is bound by the laws as written and does not have general equitable powers.[21]

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[21]Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436, 442-443 (1963), aff'd, 331 F.2d 422 (7th Cir. 1964).